## WIENER et al. v. ZWEIB.

(Supreme Court of Texas.　June 5, 1912.)

HOMESTEAD (§ 115*)—DEEDS OF TRUST—FORE-
CLOSURE.

Where a trust deed was executed on the homestead of the mortgagor, and both the mortgagor and his wife died before a sale was made, leaving children surviving, the power of sale might be exercised before administration was had under Acts 12th Leg. c. 28, § 26, providing that property reserved from forced sale does not form any part of the estate of a deceased person, where a constituent of the family survives.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 183, 184, 186–190; Dec. Dig. § 115.*]

On motion for rehearing.　Rehearing denied.

For former opinion, see 141 S. W. 771.

BROWN, C. J.　We are not convinced that we erred in holding in the former opinion that a sale made of real estate under a deed of trust within four years after the death of the mortgagor, and before administration would be voidable, but not void.　Upon further consideration of this case we have concluded that the facts do not demand a decision of that issue, and we will limit this opinion to the present case.　Without repeating the statement of the former opinion, we will proceed upon its conclusions thus condensed.

When the deed of trust was executed, the land was the homestead of Wiener and his wife, who did not sign it, and·who died before the sale was made.　On the 15th day of August, 1870, the Legislature enacted a law, which took effect from its passage, entitled "An act prescribing the mode of procedure in district courts in matters of probate."　Section 26 of the said act reads: "The property reserved from forced sale by the Constitution and laws of this state, or its value, if there be no such property, does not form any part of the estate of a deceased person, where a constituent of the family survives."　Acts 12th Leg. c. 28.　See 4 Paschall's Dig. Laws, art. 5487.　The homestead was reserved from forced sale by the Constitution; therefore, it was no part of his estate, and the courts had no jurisdiction of it.　No court could have applied it to the payment of costs of administration nor to the payment of the funeral expenses; indeed it was not subject to the orders of the district court in the course of administration.　It has been conclusively shown by the able and exhaustive opinion of Judge Dibrell that the power of sale in the deed of trust was not revoked by the death of Wiener, and the question arises, Was that power of sale suspended to await administration under the section of the law of 1870 before copied?

The only reason that has been assigned in any of the cases for holding that the death of the mortgagor suspends the power of sale is that the foreclosure of the mortgage might embarrass the court in the regular administration of the estate.　Now, if the foundation upon which alone the rule rests does not exist, then the rule cannot apply to this case.　It being the law that at the.death of Wiener no court had jurisdiction of the land and that an administrator could not have placed it upon his inventory, it follows conclusively that, if there had been an administration on Wiener's estate, the sale of this homestead under the mortgage could not have interfered with the administration of the estate.　Having no jurisdiction of the property, the court could not have made any order concerning it.　The logical conclusion must follow that the sale of the land under the deed of trust was not suspended to await the granting of administration by a court, which had no jurisdiction, and whose order could not affect the property in any way.

If there had been administration, the court controlling the estate could not have ordered the sale of the homestead to discharge the deed of trust, and the contention to that effect presents the absurd condition that while the administrator was administering the estate, if there had been administration, the owner of the mortgage must await the closing of that administration to secure payment of a debt which could not be before that court and out of property not subject to its jurisdiction.　Or, no administration being had, as in this case, the·owner of the mortgage must wait four years for the appointment of an administrator, who could not take possession of the property, by a court that could not order a sale of the property; in fact, could exercise no jurisdiction over it.

The reason for the rule by which death suspends the sale of property under a mortgage with power to sell did not and could not exist under the law of 1870, cited herein; therefore, the power was not suspended by Wiener's death, and the sale of the land vested title in the purchaser.

The motion for rehearing is overruled.