**RED ARROW FREIGHT LINES, Inc., v. RAILROAD COMMISSION et al.**

No. 9307.

Court of Civil Appeals of Texas. Austin.

April 1, 1942.

Rehearing Denied April 29, 1942.

Rawlings, Sayers & ·Scurlock, of Fort Worth; for appellant.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis and Zollie C. Steakley, Asst. Attys. Gen., for appellee Railroad Commission of Texas.

Kelley & Looney and L. Hamilton Lowe, all of Edinburg, for appellee J. H. Robinson Truck Lines, Inc.

BAUGH, Justice.

Appeal is from order of the District Court denying appellant a temporary injunction against the Railroad Commission. The following facts appear:

Prior to August 17, 1940, J. H. Robinson Truck Lines, Inc., hereafter designated as Robinson, owned a certificate of convenience and necessity to transport freight over the highways between Houston and San Antonio, and intermediate points, via Richmond, Wharton, Victoria, Cuero, Kennedy, and Floresville. On that date Robinson, over the protest of appellant, hereafter referred to as Red Arrow, was granted, under its existing certificates, an alternate direct east-west route between Houston and San Antonio over Highways 73 and 90 via Columbus and Luling, but restricted to through freight only. In the hearing on this application, and the order granting it so recites, public convenience and necessity over such alternate route was not considered.

· Robinson began and continued the permitted operation over such alternate route; and on June 27, 1941, applied, which application was amended on February 27, 1942, for a certificate of convenience and necessity to operate a common carrier freight service between Galveston and Texas City on the one hand and Del Rio on the other, via Houston and San Antonio, over Highways 90 and 73 (the alternate route between these two points already granted), seeking to serve intermediate points between Galveston and Houston, and between San Antonio and Del Rio, but to serve, as between Houston and San Antonio, only the intermediate. point of Luling.

On September 2, 1941, Red Arrow filed suit in the District Court attacking the validity of the alternate route order of August 17, 1940. ·On January 6, 1942, the Commission set for hearing on March 10, 1942, Robinson's application for the Galveston to Del Rio operation via Houston and San Antonio. Thereupon, Red Arrow sought the injunction here involved, as ancillary to its suit attacking the validity of the reroute order, on the ground that the subject matter of Robinson's application for the Galveston-Del Rio operation, as between Houston and San Antonio over Highways 90 and 73, was already in litigation in its pending suit; that the Commission therefore ·had no jurisdiction over it; and that the hearing on such applica-

tion should be enjoined as an interference with the jurisdiction. of the District Court. The trial court, after a hearing thereon, denied the temporary injunction; hence this appeal.

The controlling question presented therefore is whether the action of the Commission, in hearing Robinson's application, and in issuing an order thereon, will interfere with the jurisdiction of the District Court in the pending suit. We have reached the conclusion that it will not, and that the injunction sought was properly denied.

It has been frequently held by this court and by the Supreme Court that when an order of the Commission is attacked in a court of competent jurisdiction, the Railroad Commission loses jurisdiction over the subject matter thereof; and that the final judgment of such court is res adjudicata of that subject matter as of the time the Commission acted. Was the subject matter of Red Arrow's pending suit, and that set down by the Commission for hearing, the same?

The subject matter of the suit was the reroute order, under existing certificates of Robinson authorizing operation between Houston and San Antonio over other and different highways. That order affirmatively shows that the Commission did not consider in granting it public convenience and necessity on the authorized alternate route. While passed as an order, it was, in effect, but an extension of the service or operation authorized under existing certificates. And Red Arrow's petition attacking it shows that its invalidity is predicated upon failure of the Commission to comply with the provisions, or require Robinson to do so, of Sec. 4(d) and Sec. 10 of Art. 911b, Vernon's Ann.Civ.St., known as the Motor Carrier Act; and manifestly based upon our decision in Railroad Commission v. Red Arrow Freight Lines, 96 S.W.2d 735, writ refused. There is no attack on the certificates under which such reroute privilege was undertaken to be granted by said order.

The application on which the hearing is sought to be enjoined was in compliance with the statute, and was for a separate certificate based upon public convenience and necessity, and for operations between the termini above stated. It is true that a portion of such operation was over the same highways involved in the reroute order. And appellant contends that as to this segment of the route, both the pending suit and the application involve the identical subject matter—the right of Robinson to operate trucks between Houston and San Antonio over Highways 90 and 73. But denial of such right would not necessarily result from setting aside the reroute order. The attack made in that suit was based on failure to comply with the law in that hearing and consequently that the Commission was without jurisdiction to make the order. Whether public convenience and necessity for the operation over such highways existed was not considered. If the trial court should grant Red Arrow all the relief it seeks in the pending suit, such judgment would not become res adjudicata of Robinson's right, even if no changed conditions intervened, to have heard and granted the application here involved for a different character of operation, on different grounds, and under different authorization, even though in part over the same highways.

If the reroute order had been based upon the grounds of public convenience and necessity, and these matters were in issue in the pending suit, and the Commission should, notwithstanding such suit, undertake to again determine the same matter, a different case would be presented. But manifestly operations between Galveston and intermediate points between there and Houston on to and through San Antonio to intermediate points between there and Del Rio, and vice versa, dependent upon public convenience and necessity therefor, is not the same subject matter as a permitted operation of through freight only solely between Houston and San Antonio, and not based upon convenience and necessity, even though the same highways between these two termini are traversed. Railroad Commission v. Brown Express, Tex.Civ.App., 106 S.W.2d 327. The fact that the larger operation may to some extent duplicate the lesser should not preclude the Commission from hearing and acting upon the application for the larger integrated overall operation separate and apart from a limited operation over a segment of the same route. The Commission could readily have refused Robinson the alternate route, applicable only to through freight between Houston and San Antonio, even on the grounds of convenience and necessity; and then, without contradiction, have granted the application for the use of the same highway as a part of the larger

and more extended Galveston-Del Rio operation sought upon a different application. The pendency of Red Arrow's suit does not have the effect of removing the particular section of the highway involved therein from the jurisdiction of the Commission over Robinson's application to make an entirely different use of it in connection with other highways for a different purpose. It follows that if the reroute order does not trench upon the power of the Commission to act upon the application for the different and more extended operation, then any order that the Commission might enter upon such application would not affect the validity or invalidity of the reroute order, nor the jurisdiction of the trial court to determine that issue.

It is clear, we think, that if the Commission were to grant the application of Robinson, hearing on which is sought to be enjoined, and suit were brought to test the validity of such order or certificate, the issues determined in that suit would not be res adjudicata of the issues presented in the pending suit; nor would a judgment on the issues made by the pleadings in the pending suit be res adjudicata of the issues presented in such other suit.

We conclude, therefore, that the action of the Commission sought to be enjoined would not constitute any interference with the jurisdiction of the trial court over the order involved in the pending suit; and that the injunction applied for was properly refused. The trial court's judgment is therefore affirmed.

Affirmed.

McCLENDON, Chief Justice (concurring).

I deem appropriate a brief statement explanatory of my concurrence in the decision announced in Associate Justice BAUGH'S well considered opinion;

The opinion states: "If the reroute order had been based upon the grounds of public convenience and necessity, and these matters were in issue in the pending suit; and the Commission should, notwithstanding such suit, undertake to again determine the same matter, a different case would be presented."

With this statement I am in full accord; as well as with the opinion as a whole, with the exception of the following portion which appears to trench to some extent upon this quoted statement: " * * * The Commission could readily have refused

Robinson the alternate route, applicable only to through freight between Houston and San Antonio, *even on the grounds of convenience and necessity;* and then, without contradiction, have granted the application for the use of the same highway *as a part of the larger and more extended* Galveston-Del Rio operation sought upon a different application." (Emphasis supplied.)

This latter quotation embraces a situation which is not here involved and as to which "a different case would be presented." I am not prepared to assent to the purely hypothetical holding that had the reroute order been predicated upon public convenience and necessity, the Commission would have jurisdiction to include in another certificate ("as a part of the larger and more extended" service) the service, as distinguished from the route, involved in the reroute order. This question is clearly not now before us for decision, and expression of opinion thereon is not authoritative.