## GUY A. THOMPSON, TRUSTEE, ET AL V. RAILROAD COMMISSION OF TEXAS ET AL.

No. A-2828. Decided May 9, 1951.
Rehearing overruled June 20, 1951.
(240 S. W., 2d Series, 759.)

*Kelley, Mosheim & Ryan* and *Baker, Botts, Andrews & Parish,* all of Houston, *J. T. Suggs, Stroud & Dyer,* all of Dallas, *Wigley, McLeod, Mills & Shirley,* of Galveston, *Allen, Gambill & Gambill,* and *Seth Barwise,* all of Fort Worth, *Kenneth McCalla, Walter Caven* and *Austin L. Hatchell,* all of Austin, for petitioners.

It was error for the Court of Civil Appeals to hold that the orders of the railroad commission substantially complied with the statutes. State of North Carolina v. United States, 325 U.S. 507, 65 Sup. Ct. 1260; Bell Telephone Co. v. Driscoll, 343 Pa. 109, 21 Atl. 2d 912; Southland Life Ins. Co. v. Greenwade, 138 Texas 450, 159 S. W. 2d 854.

*W. D. White, Callaway & Reed, R. E. Kidwell* and *O. D. Montgomery,* all of Dallas, for Ray Smith Transport Co., *Price Daniel,* Attorney General, *Durward M. Goolsby,* Assistant Attorney General, for the State, and *Albert G. Walker,* of Austin, for Robertson Transport Co., respondents.

In support of their contention that the Court of Civil Appeals rendered the correct judgment in upholding the orders of the railroad commission respondents cite Railroad Co. v. Metro Bus Lines, 144 Texas 420, 191 S.W. 2d 10; Texas & Pac. Motor Trans. Co. v. Railroad Commission, 124 Texas 126, 73 S.W. 2d 509, Jones v. Marsh, 148 Texas 362, 224 S.W. 2d 198.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is a suit by Guy A. Thompson, Trustee for certain railroads, and by other railroads to set aside orders of the Railroad Commission amending the specialized motor carrier permits of Ray Smith Transport Company and Robertson Transport Company, Inc., so as to authorize them to transport certain chemicals and other commodities in liquid form in trucks between all points in Texas. The trial court upheld the orders of the Commission, and its judgment was affirmed by the Court of Civil Appeals. 232 S. W. 2d 139.

It is the position of petitioners that this case is ruled by our decision in Thompson v. Hovey Petroleum Company, 149 Texas 554, 236 S. W. 2d 491. It appears that the Court of Civil Appeals regarded the two cases as companion cases, but, as pre-

sented here, they may not be so regarded. While the orders in this case are substantially identical with those in the Hovey case, the assignment upon which we rested our opinion in that case is not contained in the application for writ of error in this case. In the Hovey case motor carriers as well as railroads were parties in the trial court and on appeal, and it was an assignment by the motor carriers which we sustained in our opinion. In this case only the railroads filed suit in the trial court and perfected appeals. Since we sustained an assignment by the motor carriers in the Hovey case, we did not consider the assignments of the railroads. Those assignments are identical with those before us in this case, and it now becomes our duty to consider them.

Assignment No. 2 is as follows:

"The error of the Court of Civil Appeals in holding that the orders of the Railroad Commission dated May 5, 1949 complied with Article 911b, Revised Civil Statutes of Texas, 1925, as amended, by containing findings of fact as required by Section 5a(d) of Article 911b, V. A. C. S."

■ The Article referred to in the assignment empowers the Commission to issue specialized motor carrier certificates, and reads in part as follows:

"The order of the Commission granting said application * * * shall be void unless the Commission shall set forth in its order full and complete findings of fact pointing out in detail the inadequacies of the services and facilities of the existing carriers, and the public need for the proposed service."

That language is clear and positive. It declares that an order which does not set forth "full and complete findings of fact" shall be "void." There is no mistaking what the language means. The subject with which it deals is not private property rights, but is one of public concern. The right of the Commission to grant a specialized motor carrier certificate is created by this statute for the public good, and it is elementary that that right can be exercised in no other way than by a compliance with its provisions. The statute both creates and limits the Commission's power. The evident legislative intent was not only to require the Commission to determine the facts upon which the validity of a given order depends, but to go further and require that there be set forth in the order "full and complete findings of fact." The question is procedural, but the statute leaves no room for doubt that compliance with its requirements by the

Commission is necessary to the validity of its orders. Findings in support of conclusions cannot be presumed under this statute.

As stated above, the orders under review are substantially identical with the order in the Hovey case, supra. The opinion in that case quotes the relevant provisions of that order, and they will not be repeated here. For the purpose of this opinion a sufficient summary thereof is as follows:

Paragraphs 1 and 2 are findings upon formal matters.

Paragraph 3 begins "The Commission further finds from the evidence that applicant presented witnesses who testified as to the need for the proposed service, * * *."

This paragraph is one sentence composed of numerous clauses. Each clause is a statement that witnesses testified to certain facts. There is no finding of fact contained in the paragraph except the finding that witnesses testified to certain facts.

Paragraph 4 is a finding with respect to financial responsibility of the applicant, the adequacy of the equipment proposed to be used, and a further finding that the highways are of such type, construction, and maintenance as to permit the use sought to be made thereof, without unreasonable interference with the use by the general public for highway purposes.

Paragraph 5 recites: "* * *; that said rail lines offered evidence which was in part as follows:" There is then a recital of the evidence offered by the rail lines which in a measure refutes the evidence of the motor carriers set forth in paragraph 3 with no findings of fact whatever except that the application was protested and that the rail lines offered evidence.

Following the summation of the evidence offered by the rail lines is this paragraph:

"THE COMMISSION FURTHER FINDS from the evidence and its own records, after carefully considering the existing transportation facilities and demand for and the need of additional service, that the service and facilities of the existing carriers serving the territory are inadequate; and that public convenience will be promoted by granting said application and permitting the operation of motor vehicles on the highways designated in said application as a common carrier for hire."

Obviously, that is not a finding of fact, but is only a finding of an ultimate conclusion, partly in the words of the statute.

We are referred to many authorities from other jurisdictions construing orders of public service commissions under statutes similar to ours. Without exception, so far as our investigation goes, they all hold that a general conclusion like the one copied next above is not a compliance with the statutory requirement that the Commission file findings of fact. The following among others, announce that conclusion. Gulf Transport Co. v. Illinois Commerce Commission, 402 Ill. 11, 83 N. E. 2d 336; Pierce Auto Freight Lines v. Flagg, 177 Ore. 1, 159 P. 2d 162; Railroad Yardmasters of North America v. Indiana Harbor Belt R. Co., 70 Fed. Sup. 914; Laney v. Holbrook, 150 Fla. 622, 8 So. 2d 465; this latter case is reported in 146 A. L. R., p. 202, with annotations. See page 226 et seq.

A case strikingly similar in facts to the one before use is Peoples Fruit & Vegetable Shippers Assn. v. Illinois Commerce Commission, ex rel Illinois Cent. Ry. Co., 351 Ill. 329, 184 N. E. 615. Since that authority may not be available to some members of our bar, we quote these excerpts therefrom:

"The order of the commission covered nearly thirty-five typewritten pages, and was exhaustive in its recital of the evidence introduced by both parties at the hearings. The only finding embodied in the order of the commission is: 'From a consideration of all the evidence adduced in this cause the commission is of the opinion, and finds that * * *.'

\*　\*　\*　\*　\*

"An order of the commission must contain more than a mere reference to the evidence. A valid order under the Public Utilities Act must contain a finding of fact, after hearing and investigation, upon which the order is founded, and unless there is such finding in the record, the order is void. Chicago Railways Co. v. Commerce Comm., 336 Ill. 51, 167 N. E. 840, 67 A. L. R. 938.

\*　\*　\*　\*　\*

"The order does contain statements of what evidence the parties produced before it, but is bare of findings of fact from that evidence."

In the case of Great Northern Ry. Co. v. Department of Public Works, 161 Wash. 29, 296 Pac. 142, the Supreme Court

of Washington construed a provision of a statute of that state requiring the Department to "make and render findings concerning the subject matter and facts inquired into" in this language:

"This contemplates a statement of the facts found in direct and certain language, sufficiently clear as to leave no misunderstanding as to their meaning and purport. The findings in this instance are not thus direct and certain. Many of them are preceded by such phrases as 'complainant alleges,' 'complainant's witnesses allege,' 'complaintant also points out,' 'it was stated,' 'respondent submits,' 'respondent by its witnesses and in its brief argues,' 'testimony submitted by complainant indicates,' and the like, leaving it uncertain whether the department intended to affirm or disaffirm the matters contained in the recitals following the phrases, or intended the matters merely as argument in support of the conclusion reached."

In line with the decisions of other jurisdictions, and in keeping with the mandatory provisions of our statute as construed above, we hold that the orders under attack are void. Accordingly the judgments of the Court of Civil Appeals and the district court are reversed, and the orders of the Railroad Commission under attack are vacated.

Opinion delivered May 9, 1951.

ON REHEARING.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

■ In compliance with respondents' motion for rehearing we add this statement to our original opinion in the interest of clarity. The word "void" as used in the statutes has various shades of meaning. It is rarely used in the sense of implying an absolute nullity. The true sense in which it is used is to be determined from a consideration of the statute as a whole in the light of the purpose sought to be accomplished by its enactment. Wiener v. Zwieb, 105 Texas 262, S. W. 771 and 147 S.W. 867; Southern National Insurance Company of Austin v. Barr, 148 S. W. 845; 67 C. J. 263 et seq. As thus considered, we think the word was not used in the statute under review in its strictest sense.

Section 5a(e) of Article 911b, Vernon's Annotated Civil

Statutes, which is a part of the Specialized Motor Carrier amendment, provides:

"Except where otherwise provided, applications for and holders of certificates of public convenience and necessity, as provided for in this Section, shall be subject to all of the provisions of the Act relating to common carriers by motor vehicles."

The only procedure prescribed by the statute for attacking orders issued to common carriers is that provided in Section 20, Article 911b. That method is by direct attack. The Specialized Motor Carrier amendment provides no other method of attack. It appears that the Legislature intended that orders entered under the terms of that amendment, like the one involved in this case, may be attacked only as provided in Section 20, Article 911b. The use of the word "void" in the statute affects the manner of making proof in a direct attack. Failure to follow the provisions of Section 5a(d) makes the order invalid on its face, and no further proof of invalidity is required: whereas, the party attacking an order issued to a common motor carrier has the burden of showing that the order is unreasonable or unjust as to him. It is our view that the order under review is not absolutely void and subject to collateral attack.

As stated in our original opinion, the question is procedural. If the Commission has determined the facts upon which the validity of an order depends, its error in failing to set out its findings in the order is not of that fundamental nature which absolutely nullifies the proceeding.

Except to the extent indicated above, the motion for rehearing is overruled.

Rehearing overruled June 20, 1951.