**H. L. METZGER et al., Appellants,**

**v.**

**CITY OF SAN ANTONIO et al., Appellees.**

No. 14302.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 25, 1964.

Rivera & Ritter, San Antonio, for appellant.

Sam S. Wolf, City Atty., William R. Ward, Asst. City Atty., San Antonio, for appellee.

BARROW, Justice.

H. L. Metzger and twelve other residential property owners brought this writ of certiorari pursuant to Art. 1011g, Vernon's Ann.Civ.Stats., complaining of the City of San Antonio and the Board of Adjustment of the City of San Antonio, seeking to set aside and hold illegal the decision of the Board on June 28, 1962, granting Knowlton's Creamery a permit to use four lots near appellants' properties for non-commercial parking as a special exception in a "B" residential zone.

The questions presented by this appeal are whether the action of the Board is void because of its failure to make specific findings of fact in support of this special exception as required by the ordinance of the City,[1] and if so whether this failure was corrected by findings made by the Board while the case was pending in the trial court. The court upheld the Board's action and denied appellants any relief. In our opinion the Board's action was illegal for failure to comply with the specific requisites of the City Code.

1. "Sec. 42–28.7 POWER TO MAKE EXCEPTIONS
   The board may make special exceptions to the terms of this chapter only as provided in section 42.28.8 of this Code; however, the board shall not grant a special exception unless it makes specific findings that:
   (a) The exceptions will be in harmony with the spirit and purposes of this chapter.
   (b) The public welfare and convenience will be substantially served.
   (c) The neighboring property will not be substantially injured by such proposed use.
   (d) The exception will not alter the essential character of the district and location in which the property for which the exception is sought.
   (e) The exception will not weaken the general purposes of this chapter of the regulations herein established for the specific district.

The official minutes of the Board meeting of June 28, 1962, do not include the specific findings required by Sec. 42–28.7 of the City Code.[2] It is seen that the ordinance granting the Board power to grant special exceptions limits this power by requiring the Board to make certain findings to be incorporated in the official minutes of the Board meeting at which the special exception is authorized.

The failure to make the required findings rendered the action of the Board illegal and void. In Skates v. City of Paris, 363 S.W.2d 425 (Tex.1963), the Supreme Court held that a decision of a Civil Service Commission sustaining suspension of a member of the Paris police department was void for the failure of the commission to make a finding of the truth of the specific charges against Skates as required by Art. 1269m, Sec. 16, Vernon's Ann.Civ.Stats. The requirement of this statute is substantially similar to that required by the San Antonio City Code.

In Thompson v. Railroad Commission, 150 Tex. 307, 240 S.W.2d 759 (1951), the Supreme Court set aside an order of the Railroad Commission because of its failure to set forth "full and complete findings of fact" as required by Art. 911b, § 5a(d),

These findings of the board shall be incorporated into the official minutes of the board meeting in which the special exception is authorized."

2. Motion passed at meeting of June 28, 1962:
   "MOTION made by Mr. Jones and seconded by Mr. Smith to grant the exceptions requested by Knowlton's Creamery in Case 4385 to allow the applicant to use Lots 1, 2, 3 and 4, Blk. 3, NCB 3245, San Antonio, Bexar County, Texas, for non-commercial parking as permitted by and under the conditions, restrictions and limitations of the City Code because the granting of this exception is in the public interest, but with the stipulation that this property must not be used for any other than passenger parking and there must be chains provided which are to be locked at night and opened in the mornings. All present voting in the affirmative. MOTION CARRIED."

Vernon's Ann.Civ.Stats. The review under this statute is not essentially different from that under 1011g, supra; Board of Adjustment of Fort Worth v. Stovall, 216 S.W.2d 171 (Tex.1949). See also, City of Houston v. Melton, 354 S.W.2d 387 (Tex.1962); McQuillin, Municipal Corporations, § 25.272.

Appellees assert that, in any event, this failure was corrected prior to the entry of the judgment by the trial court by amendment of the original minutes. After the issue was joined in the district court by perfection of appellants' appeal, appellants filed their motion for summary judgment wherein they argued that the Board's action was illegal and void because the ordinance was not followed. This motion was heard on February 6, 1963, and at this time the trial court entered an order requiring the Board within twenty days to amend its minutes in the original cause, so as to contain the specific findings required by Sec. 42–28.7 of the City Code. On February 7, 1963, the Board met, re-opened this application and passed a motion in the original cause containing the required findings of fact. Appellants were not given notice of this hearing and did not attend.

■■ It is our opinion that this action was without legal authority and of no force and effect. Art. 1011g, supra, authorizes the trial court to hear additional evidence if it deems necessary for proper disposition of the matter or to appoint a referee to hear same. The court is given the power to "reverse or affirm wholly or partly, or may modify the decision brought up for review." This does not authorize the trial court to "suspend" the judicial review and reinstate the administrative proceedings for the purpose of making the specific findings as directed by the trial court.

In Skates v. City of Paris, supra, the Supreme Court held that the failure of the Commission to make required findings was not cured by a subsequently filed affidavit purporting to show findings of the Commission. It was there said: "We cannot sustain the contention that the subsequently filed affidavit that the Commission found the truth of all the charges except No. 1, contained in the order of suspension is sufficient to cure its defects. To hold that the statute permits the filing of findings at a later date would defeat the purpose of the statute, and would be contrary to our holding in the Melton case."

■ The primary jurisdiction of the Board to act on this matter was terminated when their action was duly appealed to the district court. Railroad Commission v. McClain, Tex.Civ.App., 356 S.W.2d 330, no writ hist.; Red Arrow Freight Lines v. Railroad Commission, Tex.Civ.App., 161 S.W.2d 881, writ ref.; Smith v. Wald Transfer & Storage Co., Tex.Civ.App., 97 S.W.2d 991, writ dism.

■■ The trial court was authorized to annul the action of the Board and remand the entire proceedings back to the Board for further action. Noyes v. Zoning Board of Review of Providence, Sup. Ct. of Rhode Island, 177 A.2d 529; Calloway v. Liberman, Sup., 206 N.Y.S.2d 724; Application of Furlong, Sup., 111 N.Y.S.2d 398; 101 C.J.S. Zoning § 372. However, in this event, the Board is required to give notice to appellants before holding another hearing. Art. 1011g, supra; § 42–28.2, City Code of San Antonio. The failure to do so nullifies any action taken at a hearing held without proper notice. City of San Antonio v. Pope, Tex.Civ.App., 351 S.W.2d 269, no writ hist.; 1 Tex.Jur.2d 666.

The judgment of the trial court is reversed and the cause remanded.