**ZONING BOARD OF ADJUSTMENT OF the CITY OF EL PASO, Appellant,**

**v.**

**R. A. KNAPP, et al., Appellees.**

**No. 6964.**

Court of Civil Appeals of Texas, El Paso.

June 17, 1981.

Ralph Wade Adkins, City Atty., Charles F. McNabb, Asst. City Atty., El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, Jim Curtis, Luis Chavez, El Paso, for appellees.

OPINION

WARD, Justice.

The Zoning Board of Adjustment of the City of El Paso denied R. A. Knapp and his two lessees an application for a special exception from the Zoning Ordinance for the purpose of constructing an unmanned communication equipment facility. After a non-jury trial in the District Court to review that decision, that Court reversed the order of the Zoning Board, and the Zoning Board of Adjustment brings this present appeal. We will reverse the judgment of the District Court.

The proposed site for the communication facility in the City of El Paso is located at the top of the Franklin Mountains at an elevation of over 7,100 feet, and the area is zoned "R-4". Larry Francis and R. D. Garland leased the property from Mr. Knapp, and proposed to construct an unmanned communication equipment enclosure to house various transmitters and receivers, complete with six 30' antennas. Initially, the application for the permit was filed with the Building and Zoning Administrator and was properly denied, as the City Zoning Ordinance required the permission of the Zoning Board of Adjustment for a special exception. In this case, the special exception requested was for a public utility installation, that being one of the permitted uses in the R-4 zone for which a special exception could be granted. The property owner and the two lessees then made their application to the Zoning Board of Adjustment on February 8, 1979. The Board set a date for a hearing on the request for March 12, 1979, and legal notice of the hearing was advertised. The hearing was held on March 12th, and the two lessees outlined their plans for the communication installation, and introduced evidence that the proposed site would fulfill a public need and that the neighboring property would not be injured. A representative of the Wilderness Park Coalition then presented blueprints to the Board, showing plans for a proposed park in the Mountains, and requested that the Zoning Board of Adjustment grant a ninety-day continuance, as the Legislature was then in session and was expected to pass a bill creating a State Park covering all of the area. The Board granted this request and continued the hearing until June 11, 1979. On that date, the Board met again and heard further evidence supporting and opposing the proposed communications site. At the conclusion, the request for the special exception was not granted, since there were not the necessary four votes cast to grant the exception, the four votes being required by Article 1011g(i), Tex.Rev.Civ. Stat.Ann. (Supp. 1979), the Zoning Ordinance, and the Board's own by-laws and rules. The Board issued a formal decision, stating that the application was denied for failure to meet the voting requirements of Article 6 of the Board's by-laws and rules of procedure.

The Appellees timely filed a petition for writ of certiorari to the District Court to review such decision of the Board, pursuant to Article 1011g, Tex.Rev.Civ.Stat.Ann. Thereafter, the District Court entered its judgment setting aside the decision of the Zoning Board of Adjustment and remanding the case to the Zoning Board of Adjustment for a new hearing on the application. In its judgment, the Court found that: (1)

the Zoning Board of Adjustment acted contrary to its by-laws and rules of procedure in granting the ninety-day continuance; (2) the requirement of a statement of factual grounds for granting or denying the special exception was not met by the Zoning Board of Adjustment by merely restating the terms of the applicable ordinance and its by-laws and rules of procedure, and the factual grounds are therefore insufficient to sustain the findings of the Board; (3) the Zoning Board of Adjustment improperly considered the passage of House Bill 867 (Franklin Mountains State Park) during its deliberations insomuch as it could consider only whether, by granting the special exception, (a) the public's convenience and welfare would be substantially served, and (b) the appropriate use of the neighboring property would not be substantially or permanently injured; (4) based on the records submitted to the Court, the decision of the Zoning Board of Adjustment denying the Petitioners' application for a special exception was not supported by substantial evidence on the two factors the Board must consider, and the evidence was insufficient as a matter of law to sustain the decision of the Board. Each one of the District Court's findings is the subject of a point of error on this appeal.

■ Before reaching the points, we will dispose of two preliminary arguments made by the parties. The Board contends that the Appellees waived their right to complain of the Board's action taken on March 12 in granting the ninety-day continuance to the second hearing on June 11 as the Appellees failed to file their petition in the District Court until long after the expiration of ten days from the decision of March 12. The Appellant argues that the ten-day rule for filing the district court action provided for by Article 1011g(j), Tex.Rev.Civ. Stat.Ann. (Supp. 1979), applies to any decision of the Board, including the decision granting the continuance. We overrule that contention, and hold that statutory review by certiorari is not available to review this preliminary or interlocutory type of order, but applies to a final judgment of the Board disposing of the controversy then pending between the parties. We apply the general rule that this interlocutory order is not appealable since it is not authorized by either rule or statute. *See:* Appellate Procedure in Texas (2d ed. 1979) secs. 3.7, 3.8.

■ The Appellees argue that since findings of fact and conclusions of law were neither requested nor filed in this non-jury case, an affirmance follows, if it can be based on any theory authorized by law and having evidentiary support in the record. That broad proposition argued for by the Appellees does not apply to this case as the Court's findings of fact and conclusions of law are found in the judgment. *See: Cottle v. Knapper*, 571 S.W.2d 59 at 64 (Tex. Civ.App.—Tyler 1978, no writ). Further, it is apparent that the judgment of the Court was based on the findings contained in the judgment and on no other presumed findings or theories. The purpose of Rule 296, Tex.R.Civ.P., was satisfied. *Peterson v. Peterson*, 595 S.W.2d 889 at 891 (Tex.Civ.App. —Austin 1980, writ ref'd n. r. e.).

■ The first point presented by the Zoning Board of Adjustment is an attack on the trial Court's first finding, the Board insisting that it did not act contrary to its by-laws and rules of procedure in granting the ninety-day continuance. Article 1011g(f) provides that the Board of Adjustment shall fix a reasonable time for the hearing of the appeal and shall decide the same within a reasonable time. Article 9–C of the Board's by-laws states that a public hearing shall be held within forty-five days of the date it was filed, and the by-laws provide further that "any meeting may be adjourned, recessed, or continued from time to time without additional notice." The Appellees argue that the by-laws are mandatory, and that the meeting may not be recessed or continued beyond the forty-five day period. It is the Appellees' position that, since the Board failed to render its order within forty-five days, the Appellees are entitled to a new hearing. This would make the forty-five day period mandatory and would deprive the Board of any power to act beyond that period of time. Harmo-

nizing the various requirements of the by-laws, we hold that, where the first meeting has been held within the forty-five day period, the Board has the power to recess or continue the matter for a reasonable period even beyond the forty-five day period. The time limits are therefore of a directory nature, and a hearing extended beyond the forty-five days would not deprive the Board of its jurisdiction to act. *See: Edwards v. Steele*, 25 Cal.3d 406, 158 Cal.Rptr. 662, 599 P.2d 1365 (Cal.1979). In addition, the Appellees have made no showing that the delay itself was for an unreasonable period of time, or that they were unduly prejudiced. We sustain the Appellant's first point.

■ The Appellant's second point is that the trial Court erred in holding that a statement of factual grounds was required of the Zoning Board of Adjustment when it denied the special exception and that the statements which it did make were insufficient to sustain the findings of the Board. The Appellees argue that, in denying an exception, the Board was required to make findings of fact disclosing the evidence relied upon by the Board in arriving at its decision and that findings which are nothing more than conclusions are not sufficient, and, in the absence of such required findings, the trial Court must set aside the decision .or remand the case to the Board for further action. Such is the general rule. 82 Am.Jur.2d *Zoning and Planning* secs. 310, 311; 8A McQuillin, *The Law of Municipal Corporations* sec. 25.322 (3d ed. 1976).

Section 25–14 of the City of El Paso Zoning Ordinance provides in part as follows:

When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of Adjustment may . . . authorize special exceptions . . . .

Article 9(c) of the Board's by-laws and rules of procedure provides as follows:

(c) Before deciding any application or appeal, the Board of Adjustment shall: cause to be made and reported to them an investigation of the facts, give all interested parties an opportunity to be heard, make a finding of fact, and give reasons for its findings or decisions. . . .

The Minutes of the June 11, 1979, Board meeting in part is to the following effect:

A motion was made by Eddie Karam to grant this special exception. This motion failed for lack of a second. A second motion was made by Mr. Contreras, seconded by Mr. Bills, to deny this special exception on the basis that if approved, it would injure the surrounding area and that the request is contrary to public convenience and welfare. Ms. Simmons voted to deny this special exception. Mr. Quinn and Mr. Karam were opposed to this motion. Since there was no majority vote on this motion, the motion died. The above denial is based on the failure of the Zoning Board to meet the voting requirement of Article 6 of the Board's by-laws and rules of procedure which states:

The concurring vote of four members shall be necessary to reverse any order, requirement, decision or determination of any administrative official, or to decide in favor of any applicany (sic) on any matter upon which the Board is required to pass, or to effect any variation in an ordinance.

In support of their contention that the failure of the Board to make the required findings nullify the Board's decision, the Appellees rely upon *Thompson v. Railroad Commission*, 150 Tex. 307, 240 S.W.2d 759 (1951); *Skates v. City of Paris*, 363 S.W.2d 425 (Tex.1963); and *Metzger v. City of San Antonio*, 384 S.W.2d 901 (Tex.Civ.App.—San Antonio 1964, no writ). However, we do not believe that those cases are controlling of the present decision, as they are concerned with statutes and an ordinance which emphatically required findings to sustain the administrative action. In *Thompson*, the Motor Carrier's Act, Article 911b sec. 5a(d), provides that the order of the Railroad Commission in granting an application and certificate shall be "void unless the Commission shall set forth in its

order full and complete findings of fact . . . ." In the *Skates* case, Article 1269m sec. 16 regarding the Firemen's and Policemen's Civil Service contains the provision that no employee shall be suspended or dismissed by the Commission "except upon a finding by the Commission of the truth of the specific charges against the such employee." In *Metzger*, the ordinance of the City of San Antonio in granting the Board of Adjustment the power to make exceptions provided that "the Board shall not grant a special exception unless it makes specific findings that . . . ," then named five findings that it was required to make. With that mandatory language, Justice Barrow held that the failure to make the required findings rendered the action of the Board illegal and void.

Where the El Paso Board refuses a special exception, certain differences are apparent. In the first place, the City Ordinance, sec. 25–14 quoted above, makes no mention of findings being required when the application for a special exception is denied. The reference to public convenience and welfare to the substantial or permanent injury of neighborhood property is only used in connection with the grant of the special exception. In the second place, the statute places a heavier burden on the one seeking a special exception than it does when the decision of the Board is in favor of a denial. Thus, the Statute, Article 1011g(e), requires the concurring vote of four of the five members of the Board to obtain the special exception rather than a majority. To that limited extent, the Board or at least two members have the power to veto the granting of the exception. Such was the holding in *Mayor and City Council of Baltimore v. Biermann*, 187 Md. 514, 50 A.2d 804 (1947). Construing a similar statute, the Court stated:

In such circumstances it would be more accurate to say that approval is prevented by the exercise of a veto power . . . . [T]he statute required concurrence as a condition precedent to the issuance of the permit, and failure to concur cannot be deemed an illegal action, even though it may defeat or qualify the other require-

ments of the statute that the Board act as a fact-finding body.

In that situation, the Court pointed out that the Board was precluded from acting as a fact-finding body since it was acting with quasi legislative rather than quasi judicial power, and that the scope of review was different and more limited than if the action had been quasi judicial. We approve that reasoning, and hold that, since the Board exercised its statutory veto power, findings of fact as urged by the Appellees and as referred to in the Board's by-laws are not necessary. The point is sustained.

■ The Appellant's next three points attack the trial Court's rulings concerning the evidence which was before the Board and its findings that the Board action was not supported by substantial evidence. A consideration of the evidence is simplified since only a transcript of the two proceedings before the Board was submitted, there being no other testimony offered. Undoubtedly, the Board did consider testimony concerning the immediate passage of the Franklin Mountains State Park Bill which would have permitted the State of Texas to purchase the area. In this, we find no error. The testimony was that the measure had been adopted by the Legislature and included the area, and was awaiting the Governor's signature. The testimony at the time was more than a mere speculation that the State might at some future date condemn the property, and the Board at the time was justified in not changing the area. *City of Dallas v. Crownrich*, 506 S.W.2d 654 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.). We hold it was a valid exercise of the police power of the City, even though State action was contemplated.

Testimony was before the Board that the contemplated installation and the necessary road to the mountain top to service the facilities would deface the mountain and would be a visual blight, and that for this reason a large group of citizens, numbering in the thousands, were opposed to the grant of the exemption. This was substantial evidence to sustain the Board's finding that the public convenience and welfare would

not be substantially served, particularly when considered with the fact that the only city in Texas having a scenic western mountain within its limits was in danger of having its environmental and aesthetic aims destroyed. *Berman v. Parker*, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954); 91 Harvard L.Rev. 1427 at 1447 (1978), *Developments in the Law of Zoning.* The Appellant's last three points are sustained.

Accordingly, the judgment of the trial Court is reversed, and judgment is here rendered that the Appellees take nothing by their appeal from the order of the Board of Adjustment of June 11, 1979.