CONSUMERS WATER, INC., Appellant,

v.

PUBLIC UTILITY COMMISSION OF TEXAS, Appellee.

No. 13828.

Court of Appeals of Texas, Austin.

April 20, 1983.

Rehearing Denied May 25, 1983.

Robert L. Burns, Sears & Burns, Houston, for appellant.

Jim Mattox, Atty. Gen., J. Scott Wilson, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

Appellant, Consumers Water, Inc., has appealed from the judgment of the district court of Travis County which reversed the order of the Public Utility Commission rendered in a water rate hearing. The judgment of the district court remanded the cause to the Commission "for any further proceedings which the Commission may deem appropriate...." This Court will affirm that judgment.

Appellant is a small corporation which furnishes and distributes water and sewer service to various unincorporated areas in Harris and Montgomery Counties. Appellant applied to the Commission for an increase in water and sewer rates. A hearing examiner for the agency conducted a hearing on July 25, 1979. On October 15, 1979, the Commission gave notice that on October 25, 1979, it would hear argument and consider a final order in the matter. On October 22, 1979, the hearing examiner filed his report. Thereafter, on October 25, 1979, the Commission adopted the hearing examiner's report. Appellant did not receive the hearing examiner's report until five days later, October 30.

In district court, appellant claimed the agency order was void by reason of several procedural errors committed by the agency. The district court concluded that the Commission erred by violating Tex.Rev.Civ.Stat. Ann. art. 6252–13a § 15 (Supp.1982), by not affording appellant an adequate opportunity to file exceptions to the proposal for decision (the hearing examiner's report) before the Commission rendered its final order on October 30. The district court then remanded the matter to the agency for further consideration.

Appellant assails the district court's judgment by several points of error, but the heart of the appeal is stated in point of error one: the administrative order is void because the Commission violated art. 6252–13a § 15 and, accordingly, the district court erred in remanding the cause to the Commission for further proceedings.

Article 6252–13a § 15 provides:

[i]f in a contested case a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, may not be made until a proposal for decision is served on the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs to the officials who are to render the decision. If any party files exceptions or presents briefs, an opportunity must be afforded to all other parties to file replies to the exceptions or briefs. The proposal for decision must contain a statement of the reasons for the proposed decision and of each finding of fact and conclusion of law necessary to the proposed decision, prepared by the person who conducted the hearing or by one who has read the record. The proposal for decision may be amended pursuant to exceptions, replies, or briefs submitted by the parties without again being served on the parties. The parties by written stipulation may waive compliance with this section.

■ The point of the requirement for service of the proposal for decision prior to final decision of the agency is to afford an opportunity to the parties to point out any portions of the testimony which may have been overlooked, misunderstood, or improperly appraised. The parties are thereby given a valuable opportunity not only to argue to the officers who will make the final decision what findings of fact the record compels, but also to argue all applicable principles of law. 2 F. Cooper, State Administrative Law at 461 (1965).

■ Without doubt the Commission did not comply with § 15, and thereby committed error. None of the commissioners had heard appellant's case or had read the record, yet they signed the final order on October 25, 1979, without having served upon appellant the proposal for decision and without affording appellant the opportunity to file exceptions to the proposal for decision and to present a brief to the commissioners.

Because the Commission did not observe the requirements of § 15, appellant insists the order of October 25 is void because the agency had no jurisdiction to proceed to sign the order. Building from that premise, appellant claims the schedule of water and sewer rates it filed with the Commission became effective pursuant to Tex.Rev.Civ. Stat.Ann. art. 1446c § 43(d) (Supp.1982). Section 43(d) provides that should the regulatory agency not make a "final determination" concerning a schedule of rates within one hundred-fifty days after the time when the schedule would otherwise go into effect, the schedule is "deemed to have been approved" by the regulatory agency. Appellant, of course, argues that the Commission's order of October 25, being void, did not amount to a "final determination" and accordingly the rate schedule it previously filed became effective.

Appellant relies upon *Citizens Bank of Bryan v. First State Bank,* 580 S.W.2d 344 (Tex.1979) as authority for its argument that an agency's failure to comply with § 15 of art. 6252–13a renders void a subsequently entered order. The Supreme Court

in *Citizens* construed that part of § 15 providing, "a majority of the officials of the agency who are to render the final decision" as intending that the requirement for service of a proposal for decision on the parties arises when it is determined that the officials, one or more, who vote in favor of the final decision, have not read the record.

This Court, of course, recognizes *Citizens,* but fail to appreciate its bearing upon the resolution of the problem in this appeal. There was no issue made in *Citizens* as to whether or not failure to comply with § 15 rendered the State Banking Board's order void and the Supreme Court did not address that proposition in its opinion.

■ In general, the violation of a statute or administrative rule does not render void the subsequently entered order. *Phillips v. Brazosport Savings & Loan Association,* 366 S.W.2d 929 (Tex.1963); *Thompson v. Railroad Commission,* 150 Tex. 307, 240 S.W.2d 759 (Tex.1951). In the opinion of this Court, the general rule is applicable in the case of violation of § 15. As previously written, the purpose of service of the proposal for decision is to enable the party to bring his view of the facts and law before those officers who have the final decision. In the event the agency ignores the requirements of § 15, the subsequently entered order is subject to reversal on judicial review. Upon reversal and remand to the agency, and after service of the proposal for decision, the party will have a full opportunity to respond and advocate its views to the agency.

Appellant complains of other procedural errors allegedly committed by the agency during the course of the proceeding. None of those alleged errors affected the jurisdiction of the agency to sign the order. Because this Court has determined that the judgment setting aside the agency order and remanding the matter to the agency should be affirmed, this Court does not reach appellant's remaining points of error.

The judgment is affirmed.