

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

October 22, 1985

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charles D. Travis
Executive Director
Texas Parks and Wildlife
    Department
4200 Smith School Road
Austin, Texas    78744

Opinion No. JM-366

Re: Whether the Parks and Wildlife
Commission may delegate certain
permitting authority to the execu-
tive director of the department

Dear Mr. Travis:

You ask us whether the Parks and Wildlife Commission [hereinafter
the "Commission"] is authorized, through its rulemaking powers, to
delegate to the Executive Director the authority to issue permits in
compliance with chapter 86 of the Parks and Wildlife Code. See Parks
& Wild. Code §86.001 et seq. You also inform us that the Commission
has already delegated this permitting authority to the Executive
Director through rules promulgated more than ten years ago. See 31
T.A.C. §57.45.

Section 86.002(a) of the Parks and Wildlife Code provides:

> (a) No person may disturb or take marl, sand,
> gravel, shell, or mudshell under the management
> and protection of the commission or operate in or
> disturb any oyster bed or fishing water for any
> purpose other than that necessary or incidental to
> navigation or dredging under state or federal
> authority <u>without first having acquired from the
> commission a permit</u> authorizing the activity.
> (Emphasis added).

Section 86.004 provides:

> The <u>commission may grant a permit to an appli-
> cant</u> who has complied with all requirements of the
> commission <u>if the commission finds</u> that the dis-
> turbing, taking, and carrying away of marl, sand,
> gravel, shell, or mudshell will not:

> > (1) damage or injuriously affect any
> > island, reef, bar, channel, river, creek, or
> > bayou used for navigation, or any oysters,

oyster beds, or fish in or near the water used
in the operation; and

(2) charge or injuriously affect any
current that would affect navigation.
(Emphasis added).

Moreover, any person desiring a permit must make a written application
to the Commission. See Parks & Wild. Code §86.003. If the Commission
refuses to grant a permit to an applicant, the body is required to
make written findings of facts explaining the reason for the refusal.
See Parks & Wild. Code §86.008; see also V.T.C.S. art. 6252-13a, §§15,
16(a). Therefore, the legislature has explicitly designated to the
Commission the permitting authority under chapter 86 of the Parks and
Wildlife Code.

Through its rulemaking authority, the Commission has delegated
its authority to issue permits to the executive director. See 31
T.A.C. §57.45. The agency rules provide in part:

(a) The following procedures will be followed
for the issuance of general permits:

(1) All requests for shell dredging permits
will be made in writing to the director. . . .

(6) The director may consider the following
criteria in determining whether to grant or
deny a permit. . . . (Emphasis added).

See 31 T.A.C. §57.45. The rules also provide for the director or any
employee authorized by the director to hold a hearing to determine
whether a permit will be granted. See 31 T.A.C. §§57.45(a)(4)-(8).
These rules make no provisions for the Commission to make a final
determination of whether a permit will be granted. Accordingly, they
are in conflict with section 15 of article 6252-13a, V.T.C.S. See
Citizens Bank of Bryan v. First State Bank, Hearne, 580 S.W.2d 344,
347 (Tex. 1979); see also V.T.C.S. art. 6252-13a, §22 (laws in
conflict with the Administrative Procedure and Texas Register Act are
repealed). We also conclude that the rules in question are in direct
conflict with the legislative mandate that the Commission grant or
deny permit applications.

Despite the fact that these rules have been in effect and have
been followed by the agency for ten years, they are contrary to the
plain meaning of the applicable statutes; and therefore, afford no
basis for the continuation of this agency practice. See Brown
Express, Inc. v. Railroad Commission, 415 S.W.2d 394 (Tex. 1967).

We do not imply that the Commission is totally precluded from promulgating rules delegating its authority to hold hearings on permit applications. The legislature has not prohibited the Commission from delegating this function. See Attorney General Opinion JM-244 (1984). But the Administrative Procedure and Texas Register Act requires that the granting of an agency permit must comply with the provisions of the act concerning contested cases. See V.T.C.S. art. 6252-13a, §§3(3), 18(a). Although section 15 of the act clearly allows the appointment of a hearing examiner in such cases, see Grace v. Structural Pest Control Board of Texas, 620 S.W.2d 157 (Tex. Civ. App. - Waco 1981, writ ref'd n.r.e.), the commission must make the ultimate decision and include findings of fact and conclusions of law in compliance with sections 15 and 16. See Citizens Bank of Bryan v. First State Bank, Hearne, supra, at 347; Texas Health Facilities Commission v. Charter Medical-Dallas, Inc., 665 S.W.2d 446 (Tex. 1984); Consumers Water, Inc. v. Public Utility Commission of Texas, 651 S.W.2d 335 (Tex. App. - Austin 1983, no writ).

## SUMMARY

Section 57.45 of chapter 31 of the Texas Administrative Code is invalid because it is inconsistent with chapter 86 of the Parks and Wildlife Code and article 6252-13a, the Administrative Procedure and Texas Register Act. The Parks and Wildlife Commission is not precluded from delegating its authority to hold hearings on permit applications so long as the practice is in compliance with article 6252-13a.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk