Mr. Charles D. Travis Executive Director Texas Parks and Wildlife Department 4200 Smith School Road Austin, Texas 78744
Re: Whether the Parks and Wildlife Commission may delegate certain permitting authority to the executive director of the department
Dear Mr. Travis:
You ask us whether the Parks and Wildlife Commission [hereinafter the "Commission"] is authorized, through its rulemaking powers, to delegate to the Executive Director the authority to issue permits in compliance with chapter 86 of the Parks and Wildlife Code. See Parks Wild. Code § 86.001 et seq. You also inform us that the Commission has already delegated this permitting authority to the Executive Director through rules promulgated more than ten years ago. See 31 T.A.C. § 57.45.
Section 86.002(a) of the Parks and Wildlife Code provides:
 (a) No person may disturb or take marl, sand, gravel, shell, or mudshell under the management and protection of the commission or operate in or disturb any oyster bed or fishing water for any purpose other than that necessary or incidental to navigation or dredging under state or federal authority without first having acquired from the commission a permit authorizing the activity. (Emphasis added).
Section 86.004 provides:
 The commission may grant a permit to an applicant who has complied with all requirements of the commission if the commission finds that the disturbing, taking, and carrying away of marl, sand, gravel, shell, or mudshell will not:
 (1) damage or injuriously affect any island, reef, bar, channel, river, creek, or bayou used for navigation, or any oysters, oyster beds, or fish in or near the water used in the operation; and
 (2) change or injuriously affect any current that would affect navigation. (Emphasis added).
Moreover, any person desiring a permit must make a written application to the Commission. See Parks Wild. Code § 86.003. If the Commission refuses to grant a permit to an applicant, the body is required to make written findings of facts explaining the reason for the refusal. See Parks Wild. Code § 86.008; see also V.T.C.S. art. 6252-13a, §§ 15, 16(a). Therefore, the legislature has explicitly designated to the Commission the permitting authority under chapter 86 of the Parks and Wildlife Code.
Through its rulemaking authority, the Commission has delegated its authority to issue permits to the executive director. See 31 T.A.C. § 57.45. The agency rules provide in part:
 (a) The following procedures will be followed for the issuance of general permits:
 (1) All requests for shell dredging permits will be made in writing to the director. . . .
 (6) The director may consider the following criteria in determining whether to grant or deny a permit. . . . (Emphasis added).
See 31 T.A.C. § 57.45. The rules also provide for the director or any employee authorized by the director to hold a hearing to determine whether a permit will be granted. See 31 T.A.C. §§ 57.45(a)(4)-(8). These rules make no provisions for the Commission to make a final determination of whether a permit will be granted. Accordingly, they are in conflict with section 15 of article 6252-13a, V.T.C.S. See Citizens Bank of Bryan v. First State Bank, Hearne, 580 S.W.2d 344, 347 (Tex. 1979); see also V.T.C.S. art. 6252-13a, § 22 (laws in conflict with the Administrative Procedure and Texas Register Act are repealed). We also conclude that the rules in question are in direct conflict with the legislative mandate that the Commission grant or deny permit applications.
Despite the fact that these rules have been in effect and have been followed by the agency for ten years, they are contrary to the plain meaning of the applicable statutes; and therefore, afford no basis for the continuation of this agency practice. See Brown Express, Inc. v. Railroad Commission, 415 S.W.2d 394 (Tex. 1967).
We do not imply that the Commission is totally precluded from promulgating rules delegating its authority to hold hearings on permit applications. The legislature has not prohibited the Commission from delegating this function. See Attorney General Opinion JM-244 (1984). But the Administrative Procedure and Texas Register Act requires that the granting of an agency permit must comply with the provisions of the act concerning contested cases. See V.T.C.S. art. 6252-13a, §§ 3(3), 18(a). Although section 15 of the act clearly allows the appointment of a hearing examiner in such cases, see Grace v. Structural Pest Control Board of Texas, 620 S.W.2d 157 (Tex.Civ.App.-Waco 1981, writ ref'd n.r.e.), the commission must make the ultimate decision and include findings of fact and conclusions of law in compliance with sections 15 and 16. See Citizens Bank of Bryan v. First State Bank, Hearne, supra, at 347; Texas Health Facilities Commission v. Charter Medical-Dallas, Inc., 665 S.W.2d 446 (Tex. 1984); Consumers Water, Inc. v. Public Utility Commission of Texas, 651 S.W.2d 335 (Tex.App.-Austin 1983, no writ).
 SUMMARY
Section 57.45 of chapter 31 of the Texas Administrative Code is invalid because it is inconsistent with chapter 86 of the Parks and Wildlife Code and article 6252-13a, the Administrative Procedure and Texas Register Act. The Parks and Wildlife Commission is not precluded from delegating its authority to hold hearings on permit applications so long as the practice is in compliance with article 6252-13a.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tony Guillory Assistant Attorney General