**CITY OF PARIS et al., Appellants,**

**v.**

**Cleveland A. SKATES, Appellee.**

**No. 7406.**

Court of Civil Appeals of Texas.

Texarkana.

Aug. 7, 1962.

Rehearing Denied Sept. 4, 1962.

Ben F. Mooring, Paris, for appellants.

M. D. Emerson, Paris, for appellee.

DAVIS, Justice.

The appellee was indefinitely suspended by the Chief of Police of the City of Paris from the classified service of the Police Department of the City of Paris on September 8, 1960. Appellee appealed to the Civil Service Commission and that body upheld the suspension. Appellee appealed to the District Court of Lamar County, and the court ordered him reinstated and rendered judgment against the city for accumulated salary.

The Chief wrote the letter of suspension to appellee, stating that the suspension was for acts and conduct that constituted a violation of Section 5 of the Firemen's and Policemen's Civil Service Law, specifically charging "Acts of Incompetency", and

"Neglect of Duty". The chief charged the appellee and another police officer with stopping a car occupied by five young men in the city limits of Paris; that they did orally charge the driver of the car with driving while intoxicated and another passenger with being too drunk to be in a public place; that no complaint was filed as required by Sec. 2 of a Department Regulation issued by the Police Department of the City of Paris; that the officers failed and refused and did not report the matter to the Dispatcher, and no record was made of the incident; that the same was done in violation of Rule 8 of the Police Department of the City of Paris; that the police officers were charged with fraud in acquiring two $15.00 fines from two occupants of the car; that no report was made of such apprehension of the persons and the two fines; that the fines were neither authorized in law nor by the rules of the Department; that it had been the rule of the Police Department for many years that no person shall be fined and released until he is completely sober; and that the failure of the officers to report the detention of the accused and the collection of the fines was a flagrant violation of the Police Department, the Firemen's and Policemen's Civil Service Regulations, and the violation of the Penal Statutes of the State of Texas. This was in compliance with Art. 1269m, Sec. 16, Vernon's Ann.Tex.Civ.St.

The appellee and the appellant filed motions for summary judgment. The main reason upon which the appellee based his motion for summary judgment was that the order of the Civil Service Commission did not show any findings of the specific charges against him, and that the appellee had not violated any of the Civil Service Rules. The appellants contended that the charges were sufficient, and they had proved the truth of the same before the Civil Service Commission to which is attached a copy of the hearing before said Commission. This Court will not make findings of fact. Such is the duty of the Civil Service Commission. The findings of the Commission are supported by substantial evidence.

We will quote the order of the Civil Service Commission in full, omitting caption and signatures:

"The hearing of Lieutenant C. A. Skates was held in the City Council Room in the City of Paris on the 19th day of September, 1960, at a Public Hearing upon charges with the Civil Service Commission by Dan A. Bills alleging certain violations of the Civil Service Rules and containing an indefinite suspension of Lieutenant C. A. Skates. The defendant was present in open court with his counsel, B. Ray Smith, and entered a plea of not guilty to the specifications contained in the order of suspension. There were present at and conducting the hearing, B. B. Richey and Morris Kimbell. The Commission sustained and hereby sustains the indefinite suspension of the classified employee, and it is the order of the Commission that the said employee shall be permanently dismissed from the Police Department of the City of Paris, Texas."

It will be noted that in the Order the Commission sustained the indefinite suspension of the appellee, and permanently dismissed him from the Police Department. In the City of Houston v. Melton, Tex.Sup. Ct., 354 S.W.2d 387, we find the following:

"There is no requirement that failure to set out detailed findings shall make void the order of the Commission. The requirement is that the Commission must make a finding of the truth of the specific charges against such employee, and a careful analysis points up the fact that the order is based upon such findings. The order permanently dismissed Melton from the police force of the City of Houston as is required by the provision of Art. 1269m, § 16."

Under the holdings of the Supreme Court, the findings of the Commission are sufficient.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and judgment is here rendered in favor of the Firemen's and Policemen's Civil Service Commission of the City of Paris, affirming the action of the Civil Service Commission in permanently dismissing the appellee from its services.