Cleveland A. SKATES, Petitioner,

v.

CITY OF PARIS et al., Respondents

No. A–9237.

Supreme Court of Texas.

Jan. 9, 1963.

M. D. Emerson, Paris, Tex., for petitioner.

Ben F. Mooring, City Atty., Paris, Tex., for respondents.

SMITH, Justice.

This is a case wherein the Chief of Police of the City of Paris, in the exercise of the power vested in him by Article 1269m, Section 16, Vernon's Annotated Civil·Statutes of Texas, and in accordance with the pertinent provisions thereof, suspended indefinitely, Lieutenant Cleveland A. Skates, the Petitioner here, a member of the Paris Police Department. Such action was based upon charges of "Acts of Incompetency"— "Neglect of Duty" in violation of the provisions of Section 5 of the Firemen's and Policemen's Civil Service Law. Within the time required by said Article of.the Statute, Skates perfected his appeal to the Civil Service Commission of the City of Paris. On September 19, 1960, a public hearing was held, and on November 8, 1960, the Commission entered its order sustaining the action of the Chief of Police. Skates perfected an appeal to the District Court of Lamar County, Texas, and subsequently filed a motion for summary judgment, which was granted. The Civil Service Commission also filed a motion for summary judgment, which was overruled.

Skates motion for summary judgment was sustained by the District Court on the ground urged by Skates that the order[1]

1. "The hearing of Lieutenant C. A. Skates was held in the City Council Room in the City of Paris on the 19th day of September, 1960, at a Public Hearing upon charges with the Civil Service Commission by Dan A. Bills alleging certain violations of the Civil Service Rules and containing an indefinite suspension of Lieutenant C. A. Skates. The defendant was present in open court with his counsel,

of dismissal did not, as required by Article 1269m, Section 16,[2] supra, show that it was based upon any finding by the Commission of the truth of the specific charges against Skates. The judgment entered on September 18, 1961, recites that no genuine issue as to any material fact existed, and that the Commission's motion for summary judgment was without merit. The judgment further recites:

"that the order of the Firemen's and Policemen's Civil Service Commission of the City of Paris, Texas, * * * permanently dismissing the plaintiff from the Police Department of the City of Paris, Texas, is not entered and based upon a finding by the Commission of the truth of any of the specific charges against such employee, Cleveland A. Skates, and is wholly invalid * * *."

This judgment has been reversed by the Court of Civil Appeals and that Court has rendered judgment that the order entered by the Commission met all the requirements of Article 1269m, Section 16, supra, and sustained the action of the Civil Service Commission in permanently dismissing Skates from the police service. 359 S.W.2d 669.

We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court. Since the sole question presented in this court is whether the order is void for the failure of the Commission to make a finding of the truth of the specific charges against Skates, it is unnecessary to detail the facts in this opinion. The Court of Civil Appeals, in relying upon the case of City of Houston v. Melton, Tex., 354 S.W.2d 387 to support its holding that the order

was valid, apparently misconstrued the holding of this court in that case.

In that case, this court was passing directly upon the same provision of the statute, as here, and the question was whether or not the *order* entered by the Commission was valid. We held that

"[t]he requirement [of the statute] is that the Commission must make a finding of the truth of the specific charges against such employee, and a careful analysis points up the fact that the order is based upon such findings. The order permanently dismissed Melton from the police force of the City of Houston as is required by the provision of Article 1269m, § 16."

■ The majority and dissenting opinions in the Melton case are in agreement on the proposition that no employee of the police department shall be suspended or dismissed by the Commission except upon a finding by the Commission of the truth of the specific charges against such employee. The holding by this court in the Melton case that the order contained all requisite and necessary findings as required by the statute affords no support for the holding of the Court of Civil Appeals in the present case that "the findings of the Commission are sufficient." This, for the reason that even a casual examination of the order entered in this case reveals that it contains no findings whatever. The Melton case is sufficient authority to support our holding that the order under consideration is void and nothing appears in the record that remotely meets the requirements of the statute.

■ The provision of Article 1269m, Section 16, that no employee shall be sus-

B. Ray Smith, and entered a plea of not guilty to the specifications contained in the order of suspension. There were present at and conducting the hearing B. B. Richey and Morris Kimbell. The Commission sustained and hereby sustains the indefinite suspension of the classified employee, and it is the order of the Commission that the said employee shall be

permanently dismissed from the Police Department of the City of Paris, Texas."

2. "* * * No employee shall be suspended or dismissed by the Commission except for violation of the Civil Service rules, and except upon a finding by the Commission of the truth of the specific charges against such employee. * * *"

pended or dismissed by the Commission except upon a finding by the Commission of the truth of the specific charges against the such employee was placed in the statute, no doubt, to insure that no suspension or dismissal would be upheld by the Courts on a ground not found against such employee by the Commission. We cannot sustain the contention that the subsequently filed affidavit that the Commission found the truth of all the charges except No. 1, contained in the order of suspension is sufficient to cure its defects. To hold that the statute permits the filing of findings at a later date would defeat the purpose of the statute, and would be contrary to our holding in the Melton case.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.