**H. P. DUCKETT, Appellant,**

v.

**CIVIL SERVICE COMMISSION OF the CITY OF HOUSTON, Appellee.**

**No. B2305.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 26, 1980.

Rehearing Denied April 23, 1980.

Robert H. Cowie, Houston, for appellant.

Robert M. Collie, Jr., City Atty., Dennis C. Gardner, Sr., John J. Hightower, Asst. City Attys., Houston, for appellee.

Before COULSON, SALAZAR and JU-NELL, JJ.

SALAZAR, Justice.

This is an appeal based on an action arising under the Firemen's and Policemen's Civil Service Act. Assistant Arson Investigator Duckett is appealing an order from Houston Fire Chief Rogers suspending Duckett for seven work days because of misconduct in disobeying orders of Fire Marshall Greer. After an investigation and hearing by the Civil Service Commission, Duckett petitioned the district court for review of his suspension. Defendants (City of Houston, Civil Service Commission of Houston, Fire Chief Rogers, Fire Marshall Greer, and Chief Arson Investigator Mikeska) filed a plea to jurisdiction which the court granted. The trial court then dismissed the cause of action. We affirm.

The issues on appeal are: whether § 20 (the provision for disciplinary suspension) of Art. 1269m of the Firemen's and Policemen's Civil Service Act, Tex.Rev.Civ.Stat. Ann. (Vernon 1963), is void for vagueness; whether § 20 may be read in conjunction with § 18 (the provision for appeal to district court); and, if not, whether the lack of a provision for review of disciplinary suspensions constitutes a denial of due process.

Duckett complains that the word "disciplinary" in § 20 is vague and indefinite and permits arbitrary and capricious administrative action. The Texas Supreme Court has said:

> A statute is fatally vague only when it exposes a potential actor to some risk or detriment without giving him fair warning of the nature of the proscribed conduct. [cites omitted] Due process is violated only when a required course of conduct is stated in terms so vague that men of common intelligence must guess at what is required [cites omitted] or . . . when there is a substantial risk of miscalculation by those whose acts are subjected to regulation.

*Texas Liquor Control Board v. Attic Club, Inc.*, 457 S.W.2d 41, 45 (Tex.1970).

We note that § 5 fully sets out the grounds for removal or suspension and that the order given by Fire Chief Rogers lists the internal rules and regulations that Duckett allegedly violated. Duckett is presumed to have had notice of the internal rules and regulations, all of which are grounds for removal under § 5. Thus, Duckett cannot claim that he had no warning that acts listed under § 5 of the Act and in the internal rules and regulations constituted grounds for temporary suspension. Therefore, his claim that the statute is void for vagueness fails.

It is clear that there is no right of appeal from an administrative order unless provided by statute or unless a constitutional right has been violated. *Stone v. Texas Liquor Control Board*, 417 S.W.2d 385 (Tex. 1967). The supreme court recently held that § 20 does not authorize an appeal from

**642**

disciplinary suspensions which do not exceed fifteen days "unless the order violates a constitutional right or adversely affects a vested property right." *Firemen's and Policemen's Civil Service Commission of the City of Fort Worth v. Blanchard,* 582 S.W.2d 778 (Tex.1979). This decision makes it clear that § 20 must be read independently of § 18 and that Duckett has no right of review in the district court unless the administrative proceedings violated his constitutional rights. We think this conclusion is consistent with *Fire Department of City of Fort Worth v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664 (1949), which is the only authority Duckett has cited for the opposite conclusion. Therefore, we have reviewed the facts solely for the purpose of determining whether the trial court should have accepted jurisdiction based on Duckett's claim that his constitutional rights were violated.

The only fact in controversy is whether Fire Marshall Greer actually ordered Duckett to schedule participation in a firearms qualifying course so that participants would not be entitled to apply for accumulated time. Duckett admits that he originally agreed that no accumulated time would be given, but he argues that he was entitled to believe that Greer changed his mind, based upon his knowledge that another superior (Chief Arson Investigator Mikeska) had signed some accumulated time slips and upon information that Fire Chief Rogers had approved other time slips.

Assuming Duckett's version of the facts to be true, we can find no facts sufficient to support his claim that his constitutional rights were violated. Rather, we see only an unfortunate failure in communications between Greer and Duckett, which does not amount to a violation of constitutional rights.

We sympathize with Duckett's claims that the administrative procedures followed by the Fire Chief in giving him notice of his suspension are undesirable in that they could have permitted capricious and arbitrary disciplinary action which the Commission could have refused to review.

But since the Commission granted a hearing and determined that Duckett did in fact violate internal rules and regulations, Duckett received as much review as he was permitted under the law at the time. (We note that the law has since been changed to make a hearing on temporary suspensions mandatory.) The legislature has not yet seen fit to extend full due process protections to all disciplinary proceedings under the Act, and this court does not have the authority to judicially enact such protection.

Finding no grounds on which the trial court might have based its jurisdiction, we affirm the trial court's rulings.