**James Spencer ROUGH, Appellant,**

**v.**

**Robert OJEDA in his Official Capacity as Chief of the San Antonio Fire Department and the City of San Antonio, Appellees.**

No. 04–96–00424–CV.

Court of Appeals of Texas, San Antonio.

Sept. 24, 1997.

128

Mayo J. Galindo, San Antonio, for Appellant.

William W. Morris, Paula Dlugosz, Assistant City Attorney, San Antonio, for Appellee.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

STONE, Justice.

James Rough appeals from a take nothing judgment granted in favor of Robert Ojeda and the City of San Antonio affirming his indefinite suspension from the San Antonio Fire Department.[1] For the following reasons, we affirm the judgment of the trial court.

---

**1.** An indefinite suspension is equivalent to dismissal from the department. TEX LOC GOV'T CODE ANN. § 143.052(a) (Vernon 1988).

## FACTUAL & PROCEDURAL BACKGROUND

A brief summary of the facts and relevant chronology of events is necessary for the disposition of the case. On November 1, 1994, Rough, an active duty member of the San Antonio Fire Department, was arrested for prostitution, a class A misdemeanor. A complaint was filed on December 7, 1994. On January 7, 1995, Rough was temporarily suspended from the fire department based on this charge. On January 19, 1995, pursuant to a plea bargain, Rough entered a plea of no contest to the charge and was placed on deferred adjudication probation for six months. Rough returned to work on February 21, 1995, and was served with notice of an indefinite suspension without pay for violation of civil service rules. On February 23, 1995, Rough sought a temporary injunction to enjoin Robert Ojeda, the Chief of the Fire Department, from going forward with the proposed indefinite suspension. Rough's requested relief was denied, and on March 14, 1995, Rough was indefinitely suspended without pay. Rough unsuccessfully appealed his suspension to the Civil Service Commission and then pursued relief at the district court level. The case was tried on stipulated facts. A take nothing judgment was entered against Ojeda affirming the indefinite suspension. Rough filed a motion for new trial, which was overruled, and then perfected this appeal.

## STANDARD OF REVIEW

■ Decisions by the Police and Fire Civil Service Commission are subject to the substantial evidence standard of review. *Firemen's & Policemen's Civil Service Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 955–56 (Tex.1984). Under this standard of review, the party disputing the result has the burden to show that the agency's decision was not based on substantial evidence. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.1986). The reviewing court may not set aside such a decision because it would reach a different conclusion; it may only do so if that decision was made without regard to the facts or the law and so was unreasonable, arbitrary, or capricious. *Id.*

## TIMELINESS

In two related points of error, Rough argues that his indefinite suspension is void because it was imposed outside the jurisdictional time frame for initiating charges for violations of civil service rules mandated by section 143.056(c) of the Police and Fire Fighters Civil Service Act (hereinafter "the Act"). *See* Tex. Loc. Gov't Code Ann. § 143.056(c) (Vernon 1988). The Act governs the employment, suspension, and termination of police officers and fire fighters in this state. *See* Tex. Loc. Gov't Code Ann. § 143.001 et seq. (Vernon 1988). Relevant to the instant case, section 143.056 sets out the procedures by which a department head may discipline a fire fighter following the filing of a misdemeanor complaint. Tex. Loc. Gov't Code Ann. § 143.056 (Vernon 1988). Section 143.056(c) provides the applicable time frame in which charges for violations of civil service rules may be brought. Specifically, subsection (c) states:

> If the action directly related to the felony indictment or misdemeanor complaint occurred or was discovered on or after the 180th day before the date of the indictment or complaint, the department head may, within 30 days after the date of final disposition of the indictment or complaint, bring a charge against the fire fighter or police officer for a violation of civil service rules.

Tex. Loc. Gov't Code Ann. § 143.056(c) (Vernon 1988). Simply put, if the action related to the complaint occurred or was discovered within the 180 day period preceding the date of the complaint, the department must bring charges for violations of civil service rules within thirty days of the final disposition of the complaint. As noted, Rough was arrested on November 7, 1994, Ojeda learned of the arrest the following day, and Rough was charged by complaint on December 7, 1994. Rough entered a plea of no contest to the charge on January 19, 1995, and received deferred adjudication probation. On February 21, 1995, thirty-three days later, Ojeda notified Rough of the proposed indefinite suspension. Rough contends that Ojeda's thirty-day window began running on January 19, 1995, the date Rough received deferred

adjudication probation for the charge. That is, Rough asserts that the granting of deferred adjudication probation constitutes a final disposition of his complaint. Rough contends that his notification of the proposed indefinite suspension on February 21, 1995, thirty-three days following the order of deferred adjudication, falls outside the jurisdictional time frame of subsection (c) and renders the resulting suspension void. *See* TEX. LOC. GOV'T CODE ANN. § 143.056(c) (Vernon 1988).

The City responds with two arguments. First, deferred adjudication probation does not fall within the meaning of a final disposition as contemplated by the Act. The very concept of deferred adjudication is contrary to the meaning of a final disposition. Acquittals and dismissals, actions referenced in section 143.056, are examples of final dispositions. The final disposition of Rough's complaint occurred on March 20, 1995 when he received early termination of his deferred adjudication probation and the case was dismissed. Second, the time frame in which Ojeda was required to bring charges against Rough is governed by section 143.052(h) rather than section 143.056(c). *See* TEX. LOC. GOV'T CODE ANN. § 143.052(h) (Vernon 1988). Section 143.052 provides that a departmental head may suspend a fire fighter for violation of civil service rules if the action the charge was based upon occurred within the preceding six months. TEX. LOC. GOV'T CODE ANN. § 143.052(a), (h) (Vernon 1988). Thus, section 143.052(h) establishes a 180–day period in which a department head may suspend a fire fighter for violation of a civil service rule. Because Rough was indefinitely suspended within the overall 180–day period prescribed by section 143.052(h), the indefinite suspension was timely imposed and the trial court properly upheld it.

 We begin with the City's second contention. When construing a statute, we determine, if possible, the intent of the Legislature as expressed in the language of the statute. *Crimmins v. Lowry,* 691 S.W.2d 582, 584 (Tex.1985). If a statute is clear and unambiguous, extrinsic aids and rules of statutory construction are inappropriate and the statute should be given its common everyday

meaning. *Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). Ordinarily, a specific provision controls over a more general one. *Adcock v. Sherling,* 923 S.W.2d 74, 78 (Tex.App.—San Antonio 1996, no writ) (quoting *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 357 (Tex.1992)). Applying these general principles to the instant case, we find that section 143.056(c), rather than section 143.052(h), provides the applicable time period in which Ojeda was bound to act. Unlike section 143.052, section 143.056 expressly applies to disciplinary action taken in response to alleged criminal conduct that resulted in an indictment or complaint and therefore it is this section which controls the instant case.

 We turn then to the issue of whether deferred adjudication probation constitutes the final disposition of the complaint. In support of his contention that the granting of deferred adjudication probation finally disposed of his complaint, Rough argues that the disciplinary procedures provided for in the Act evidence a strong legislative intent for prompt resolution of disciplinary proceedings. For example, there is a six month limitation on any disciplinary action unless certain notice is provided to the Attorney General; once disciplinary proceedings are initiated, the written charges must be filed with the Commission within 120 hours; and the disciplined employee has 10 working days to perfect an appeal to the Commission. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.052(c), (d), 143.056(h). The fact that deferred adjudication could last for up to three years would prevent a quick resolution of the matter and would therefore be contrary to the legislative intent. Moreover, deferred adjudication may be treated as a final conviction, *see State v. Perez,* 906 S.W.2d 558, 559 n. 1 (Tex.App.—San Antonio 1995), *aff'd,* 947 S.W.2d 268 (Tex.Crim.App.1997), and it is appealable which connotes that it is a final disposition. *See Dillehey v. State,* 815 S.W.2d 623, 624 (Tex.Crim.App.1991). Accordingly, Rough contends there was a final disposition of his complaint on January 19, 1995, when the court "laid this matter to rest subject to the performance of the conditions of probation."

The fact that a defendant placed on deferred adjudication may appeal rulings on

pre-trial motions, *see Dillehey*, 815 S.W.2d at 625–26, or the fact that one may not be placed in double jeopardy for the same offense after dismissal or discharge of the deferred adjudication, *see Perez*, 906 S.W.2d at 559 n. 1, when taken individually or collectively, is not dispositive on the issue of whether the granting of deferred adjudication constitutes a final disposition of the underlying complaint. Section 5(a) of article 42.12 of the Code of Criminal Procedure provides in part that a trial court may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the person on probation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.1997). Upon expiration of the probationary period, if guilt has not been adjudicated, the trial court shall dismiss the proceedings against the defendant and discharge him. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (Vernon Supp.1997). However, upon violation of a condition of the probation, the trial court may proceed with an adjudication of guilt on the *original charge*. TEX. CODE.CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1997) (emphasis added). Thus, because the trial court can look to the original complaint in an adjudication proceeding, it cannot be said that the mere granting of deferred adjudication probation finally disposes of the complaint. *See* TEX. LOC. GOV'T CODE ANN. § 143.056(c) (Vernon 1988). That is, the complaint is live while the individual is completing the terms of the deferred adjudication probation.[2]

We hold that the granting of the deferred adjudication probation on January 19, 1995 was not a final disposition of the complaint.[3] Accordingly, when Ojeda notified Rough of the proposed indefinite suspension on February 22, 1995, he was not acting outside the jurisdictional time frame mandated by section 143.056(c). Therefore the trial court did not err in upholding the suspension on this basis. Points of error numbers one and two are overruled.

## ESTOPPEL

In his third point of error, Rough contends that Ojeda was without authority to impose an indefinite suspension after imposing a temporary suspension. Under Rough's interpretation of the Act, a departmental head, upon learning that an employee had been charged with a crime, would be forced at the outset to either leave the employee on active duty or temporarily suspend the employee and forever forgo the opportunity of an indefinite suspension in the event of a conviction. We disagree with this position as it finds no support in the language of the Act.

Section 143.056 refers to both temporary and indefinite suspensions as measures which may be taken against an individual following a felony indictment or misdemeanor complaint. *See* TEX. LOC. GOV'T CODE ANN. § 143.056 (Vernon 1988). The statute does not present these measures as exclusive remedies and we decline to treat them in that manner. Such an interpretation would tie the hands of the departmental head and perhaps even force a counter-productive premature decision. Accordingly, we hold that Ojeda had the ability under section 143.056 to

2. We further note that *United States v. Cisneros*, 112 F.3d 1272 (5th Cir.1997), a case appellant brought to our attention in a letter brief, does not alter our analysis or conclusion. The *Cisneros* court determined that deferred adjudication resulting from a guilty plea constitutes a proper conviction for purposes of sentencing enhancement under federal law. *Cisneros*, 112 F.3d at 1281–82. Because the underlying complaint is subject to revisitation during the probationary period, the fact that deferred adjudication may later constitute a conviction is immaterial to our issue of whether a complaint is finally disposed of as the granting of deferred adjudication probation.

3. If such a result was not intended by the Legislature, it is within their province, not ours, to amend the statute. In the face of an unambiguous statute, we must follow the clear language of the statute. *RepublicBank Dallas v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985). In fulfilling this duty, we are mindful of Rough's concern that the threat of an indefinite suspension could loom over one's head for years which seemingly frustrates the goal of prompt resolution of disciplinary action. However, a different public policy goal may be advanced by such a scenario. Successful completion of deferred adjudication probation may weigh heavily against bringing additional charges for violations of civil service rules.

indefinitely suspend Rough even after imposing a temporary suspension. Point of error number three is overruled.

The judgment of the trial court is affirmed.