# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00215-CV

**Christopher Jenkins, Appellant**

**v.**

**City of Cedar Park, Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. D-1-GN-12-002849, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Christopher Jenkins challenges the district court's order granting the City of Cedar Park's plea to the jurisdiction in a case arising under the Fire Fighters' and Police Officers' Civil Service Act. *See generally* Tex. Loc. Gov't Code §§ 143.001–.363 (the Civil Service Act or the Act). Jenkins, a fire fighter, appealed his indefinite suspension to a hearing examiner, who upheld the suspension. On appeal to the district court, Jenkins argued that the hearing examiner exceeded his jurisdiction by upholding the indefinite suspension without finding he violated a local civil service rule and by upholding the suspension on the basis of untimely discipline. The City filed a plea to the jurisdiction, which the district court granted. For the reasons that follow, we affirm the district court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**

The City of Cedar Park adopted the Civil Service Act in 2003, promulgated the City of Cedar Park Fire Fighters' and Police Officers' Civil Service Commission Rules and Regulations (the Local Civil Service Rules) in compliance with the Civil Service Act, and thereby provides a civil service system for its fire department.[1]  *See id.* § 143.004; Cedar Park, Tex., Code of Ordinances § 9.11.001.  Jenkins was employed as a fire fighter with the Cedar Park Fire Department for more than eight years.[2]  After a series of rule violations, Jenkins agreed to a twenty-day suspension.  On September 9, 2010, while still on suspension, Jenkins was charged with driving while intoxicated (DWI).  The conduct that led to his arrest and DWI charge included blocking two lanes of a roadway at a red light.  On August 15, 2011, Jenkins entered a plea bargain, pleaded no contest to a charge of blocking a roadway, and received deferred adjudication.  On December 16, 2011, the fire chief issued Jenkins a notice of indefinite suspension, which is equivalent to dismissal from the department.  *See* Tex. Loc. Gov't Code § 143.052(b).  The notice charged violations of subsections (1), (4), (6), (7), (8), and (12) of section 143.051 of the Local Government Code; section 143.056(g) of the Local Government Code; Local Civil Service Rule 143.051(1); and three department rules.

---

[1] The Civil Service Act provides for civil systems for fire fighters and police.  *See generally* Tex. Loc. Gov't Code §§ 143.001–.363.  We refer only to fire fighters for ease of reference.

[2] The facts and procedural background of this case are well known to the parties, and we therefore will not recite them in great detail in this opinion.  *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

Jenkins exercised the option to appeal his indefinite suspension to an independent hearing examiner. *See id.* § 143.057 (appealing fire fighter may elect to appeal to independent third party hearing examiner instead of to civil service commission); *City of DeSoto v. White*, 288 S.W.3d 389, 392 (Tex. 2009). The hearing examiner found that Jenkins violated subsections (4), (7), (8), and (12) of section 143.051 but did not violate subsections (1) and (6). He also found that Jenkins violated the three department rules. The hearing examiner made no finding as to the one Local Civil Service Rule allegedly violated.[3] The hearing examiner then found that the suspension was appropriate and denied the appeal.

Jenkins appealed to the district court, claiming that the examiner exceeded his jurisdiction by upholding the suspension on improper grounds. *See* Tex. Loc. Gov't Code § 143.057(j) (district court may hear appeal of hearing examiner's award only on grounds arbitration panel had no jurisdiction or exceeded its jurisdiction or that order was procured by fraud, collusion, or other unlawful means).[4] The City filed a plea to the jurisdiction, contending that the hearing examiner did not exceed his jurisdiction because Jenkins's claims did not fall within the narrow right to appeal afforded under section 143.057(j). The parties filed cross-motions for summary judgment,

---

[3] Concerning Local Civil Service Rule 143.051(1), the hearing examiner stated that it is "not at all clear that the . . . rule . . . is consistent with state law." *See* Tex. Loc. Gov't Code § 143.051(1) (listing conviction of felony or other crime of moral turpitude as among grounds for commission rules prescribing cause for removal or suspension). The hearing examiner did not address the alleged violation of Local Government Code section 143.056(g). *See id.* §143.056(g) (conviction of felony is cause for dismissal and conviction of Class A or B misdemeanor may be cause for disciplinary action or indefinite suspension).

[4] Although the statute refers to an "arbitration panel" having no jurisdiction or exceeding its jurisdiction, the term includes a hearing examiner. *City of Pasadena v. Smith*, 292 S.W.3d 14, 19 (Tex. 2009).

which the district court heard concurrently with the City's plea to the jurisdiction. The district court granted the City's plea to the jurisdiction and did not rule on the motions for summary judgment. This appeal followed.

## DISCUSSION

**Standard of Review**

Our standard of review for pleas to the jurisdiction is de novo and well established. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004). Jenkins's issues also involve matters of statutory construction, for which the standard of review is also de novo and well established. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010); *see also* Tex. R. App. P. 47.1, 47.4. Additionally, we must apply the standard applicable under the statutory scheme of the Civil Service Act. A hearing examiner's decision is reviewable only on the grounds that the hearing examiner had no jurisdiction or exceeded his jurisdiction or that the order was procured by fraud, collusion, or other unlawful means. Tex. Loc. Gov't Code § 143.057(j). It is undisputed that the hearing examiner had jurisdiction to hear Jenkins's appeal, and Jenkins does not allege that the decision was procured by fraud, collusion, or other unlawful means. Jenkins alleges only that the hearing examiner exceeded his jurisdiction in upholding the indefinite suspension. A hearing examiner exceeds his jurisdiction "when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010) (quoting *City of Pasadena v. Smith*, 292 S.W.3d 14, 21 (Tex. 2009)). Jenkins does not argue that the hearing examiner's acts

4

violated the nondelegation doctrine. Therefore, the scope of our review includes whether the hearing examiner's acts were not authorized by the Act or were contrary to it. *See id.*

**Violation of Civil Service Rule**

In his first issue, Jenkins argues that the district court erred in granting the City's plea to the jurisdiction because the hearing examiner exceeded his jurisdiction by upholding Jenkins's indefinite suspension based only on violations of the Local Government Code and not on violations of the City's Local Civil Service Rules. Jenkins contends that the plain language of the Civil Service Act makes it clear that local civil service rules are the only rules that a fire fighter can be disciplined for violating. He cites to several sections in the Civil Service Act that provide for removal or suspension for violation of a "civil service rule," *see* Tex. Loc. Gov't Code §§ 143.052(b), .053(g), .056(c), and argues there is no provision in the Civil Service Act that allows a fire chief to suspend a fire fighter for anything other than a local civil service rule. Jenkins further contends that section 143.051 of the Act does not provide any grounds for removal or suspension of a fire fighter but merely sets the parameters for the rules that a local commission may adopt. *See id.* §§ 143.008(c) (local civil service commission shall adopt rules prescribing cause for removal or suspension in compliance with grounds prescribed by section 143.051), .051 (listing grounds for removal or suspension commission rules may involve). In short, Jenkins argues that because the hearing examiner's decision to uphold the suspension was based on violations of the Civil Service Act rather than of the Local Civil Service Rules, it was not authorized by the Act or was contrary to it.

The City argues that there is no law to support Jenkins's argument and numerous courts have upheld suspensions for violations of 143.051 or its predecessor, Tex. Rev. Civ. Stat.

5

art. 1269m, § 5.[5]  Jenkins's argument, the City contends, puts form over substance.  We agree.

Jenkins acknowledges that no court has directly addressed the argument he urges and has cited no

cases, nor have we have found any, in which the courts have held that removal or suspension must

be based on local civil service rules and cannot be based on alleged violations of section 143.051.[6]

Moreover, our decision in this case is informed by the approach the supreme court has taken in

---

[5]  *See* Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 1, sec. 143.051, 1987 Tex. Gen. Laws 714, 903 (current version at Tex. Loc. Gov't Code § 143.051).

[6]  Although Jenkins acknowledges that the courts have not specifically addressed his argument that local civil service rules must be cited by the hearing examiner, he cites several cases he contends support the argument.  First, he relies on *Bichsel v. Carver*, 321 S.W.2d 284 (Tex. 1959) for the contention that discipline that is not based on civil service rules is "legally insufficient." However, in *Bischel*, although the city "conceded" at the hearing that its original charges based on department rules were legally insufficient, the issue before the court was the timeliness of the city's second set of charges, and the question of the sufficiency of the first set of charges as a basis for the commission to uphold the suspension was not presented or ruled on by the supreme court.  *See id.* at 285–87.
Jenkins's reliance on *Skates v. City of Paris*, 363 S.W.2d 425 (Tex. 1963) is equally misplaced.  In *Skates*, a police officer was indefinitely suspended for violation of Tex. Rev. Civ. Stat. art. 1269m, § 5, the predecessor to section 143.051.  *See* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, § 1, sec. 143.051, 1987 Tex. Gen. Laws 714, 903–04, (current version at Tex. Loc. Gov't Code § 143.051).  The "sole question presented [to the] court [was] whether the order [was] void for the failure of the Commission to make a finding of the truth of the specific charges against Skates." 363 S.W.2d at 426.  The court held that because the commission's order did not reflect that it was based upon a finding of the truth of the specific charges against Skates, it failed to comply with the language of article 1269m, section 16 that "no employee shall be suspended or dismissed by the Commission except upon a finding by the Commission of the truth of the specific charges against the fire fighter" and was therefore void.  *Id.* at 426–27; *see* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, § 1, sec. 143.120(e), 1987 Tex. Gen. Laws 714, 917 (current version at Tex. Loc. Gov't Code § 143.120(e)).  Thus, *Skates* is inapposite.
Jenkins also cites *City of San Antonio v. Poulos*, 422 S.W.2d 140 (Tex. 1967) in support of this argument.  In *Poulos*, a police officer was charged with violations of local civil service rules. *Id.* at 141–42.  The officer challenged the charges on the grounds that the acts cited did not constitute a violation of the cited rules and the charges did not specify which acts violated which rules.  *Id.* at 143.  Whether the charges were required to be based on local civil service rules was not at issue, and the supreme court's ruling in that case does not guide our decision here.

addressing suspensions under the Civil Service Act. In *Kelley*, a police officer's suspension was "based on Section 143.051(7) [of the Local Government Code], which provides that a police officer may be removed or suspended for drinking intoxicants while on duty or for intoxication while off duty, and Section 143.051(12) [of the Local Government Code], which provides for the removal or suspension of an officer for violation of an applicable fire or police department rule or special order." 309 S.W.3d at 540. Thus, under the supreme court's reading of section 143.051 of the Local Government Code, it "*provides that* a police officer [or fire fighter] may be removed for" certain conduct and "*provides for* the removal or suspension for" certain violations. *See id.* (emphasis added). In summarizing the procedures for discipline under the Act, the supreme court also stated that "[i]nvoluntary discipline of an officer by the department head may be only for violation of a civil service rule." *Id.* at 545 (citing section 143.052(b)). The supreme court did not note any conflict between the Civil Service Act's provisions for discipline based on violations of a "civil service rule" and the charges against Kelley that were based on violations of section 143.051 of the Civil Service Act rather than on violations of local civil service rules.[7]

The supreme court and intermediate appellate courts have also upheld suspensions for violations of department rules. *See Firemen's & Policemen's Civil Serv. Comm'n of the City of Fort Worth v. Lockhart*, 626 S.W.2d 492, 494 (Tex. 1981) (upholding suspension based on violation of "two specific departmental rules"); *City of Carrollton Civil Serv. Comm'n v. Peters*, 843 S.W.2d 186, 187, 190 (Tex. App.—Dallas 1992, writ denied) (upholding suspension based on violation of

---

[7] Similarly, *Skates* involved an indefinite suspension based on section 5 of Article 1269m, the predecessor to section 143.051. 363 S.W.2d at 425. The supreme court found the contents of the commission's order void on other statutory grounds but did not base its holding on the fact that the charges were for violations of the Civil Service Act rather local civil service rules. *Id.* at 427.

department administrative directive); *Vick v. City of Waco*, 614 S.W.2d 861, 863–64 (Tex. Civ. App.—Waco 1981, writ ref'd n.r.e.) (upholding suspension based on violation of department general order); *Duckett v. Civil Serv. Comm'n of City of Houston*, 598 S.W.2d 640, 641–42 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) (upholding suspension based on violation of "internal rules and regulations"). Thus, there is a long line of cases in which courts have applied the Civil Service Act so as not to require that discipline be expressly based on violations of the local civil service rules. "It is not the function of a court of appeals to abrogate or modify established precedent." *Lubbock Cnty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002); *see Hebert v. Hopkins*, 395 S.W.3d 884, 902 n.16 (Tex. App.—Austin 2013, no pet.) (we are bound to follow supreme court precedent); *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.) (as intermediate appellate court, "we are not free to mold Texas law as we see fit"); *Martin v. Texas Dental Plans, Inc.*, 948 S.W.2d 799, 806 (Tex. App.—San Antonio 1997, writ denied) (Rickhoff, J., concurring) ("It is not for an intermediate appellate court to alter consistently applied precedent."); *Tracker Marine, L.P. v. Ogle*, No. 14-00-00230, 2000 Tex. App. LEXIS 7169, at *14 (Tex. App.—Houston [14th Dist.] Oct. 26, 2000, no pet.) (not designated for publication) (intermediate appellate court is not free to disregard judicial dictum of supreme court). Judicial restraint compels us to leave it to the supreme court to determine whether the Civil Service Act precludes suspension based on provisions in the Act and overrule precedent upholding such suspensions. *See Lubbock Cnty.*, 80 S.W.3d at 585 (only supreme court may reevaluate and modify prior decisions).

Moreover, to adopt Jenkins's argument would not further the underlying goals of the statutory scheme of the Civil Service Act. *See 20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008) (we must consider provision's role in broader statutory scheme); *Northwestern Nat'l Cnty. Mut. Ins. Co. v. Rodriguez*, 18 S.W.3d 718, 721 (Tex. App.—San Antonio 2000, pet. denied) ("Construction of a statute must be consistent with its underlying purpose and the policies it promotes."). The Legislature enacted the Civil Service Act for the express purpose of "secur[ing] efficient fire . . . departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." Tex. Loc. Gov't Code § 143.001. Thus, one of the goals of the Act is to provide for and protect the rights of persons serving as officers and employees of municipal fire departments. *Bichsel v. Carver*, 321 S.W.2d 284, 286 (Tex. 1959). To further this goal, the Act provides administrative procedures and guidelines by which fire fighters can seek review of disciplinary actions. *See* Tex. Loc. Gov't Code §§ 143.010, 143.057; *Proctor v. Andrews*, 972 S.W.2d 729, 737 (Tex. 1998). "To ensure full and fair treatment, the Legislature provided that, at the option of the disciplined officer, appeal could be had to 'an independent third party hearing examiner,' instead of to the City's appointed Civil Service Commission." *Proctor*, 972 S.W.2d at 729; *see* Tex. Loc. Gov't Code § 143.057; *City of Pasadena*, 292 S.W.3d at 18 (Act's use of independent hearing examiners furthers Act's purpose).

Here, the City adopted the Civil Service Act and promulgated rules in compliance with the act.[8] The City's Local Civil Service Rules concerning grounds for removal or suspension

---

[8] Jenkins objects to our consideration of the City of Cedar Park Fire Fighters' and Police Officers' Civil Service Commission Rules and Regulations, contending the City did not offer them as evidence in the district court and they are not properly in the record. However, the appellate record establishes that at the hearing before the examiner Jenkins acknowledged that he had read the

are virtually identical to section 143.051, tracking for the most part both the language and the numbering system of the Act.[9] Jenkins availed himself of the option to have his appeal heard by an independent hearing examiner and does not complain that the charging letter failed to give him notice of the conduct with which he was charged or that he did not have adequate opportunity to defend the charges before the hearing examiner. Nothing in the procedure followed in this case runs contrary to the underlying purpose of the Act.

Further, to construe the plain language of the Civil Service Act so as to invalidate the hearing examiner's decision on these facts would lead to the absurd result that the hearing examiner could not uphold the suspension based on charges that (1) used statutory language virtually identical to that in the Local Civil Service Rules used to describe the same conduct, (2) provided Jenkins adequate notice, and (3) afforded him the opportunity to defend the charges. *See Marks*, 319 S.W.3d at 663 (we apply plain meaning of text unless different meaning is supplied by legislative definition

---

local rules, and they were admitted into evidence without objection by Jenkins and considered by the hearing examiner. Further, the City's Local Civil Service Rules are capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned, and we may take judicial notice, whether requested by a party or on our own, at any stage in the proceeding. *See* Tex. R. Evid. 201(b), (c), (f); *Langdale v. Villamil*, 813 S.W.2d 187, 189–90 (Tex. App.—Houston [14th Dist.] 1991, no writ) (taking judicial notice of judgment not contained in record); *HealthTronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 576 (Tex. App.—Austin 2012, no pet.) (taking judicial notice of California trial court records not contained in appellate record but submitted to appellate court); *see also Dutton v. Dutton*, 18 S.W.3d 849, 856 (Tex. App.—Eastland 2000, pet. denied) ("This court may take judicial notice, even if no one requested the trial court to do so and even if the trial court did not announce that it would do so.") (citing *Harper v. Killion*, 348 S.W.2d 521, 523 (Tex. 1961)).

[9] For example section 143.051(7) of both the Civil Service Act and the City's Civil Service Rules refer to "Drinking of intoxicants while on duty or intoxication while off duty." *See* Tex. Loc. Gov't Code § 143.051(7); City of Cedar Park Fire Fighters' and Police Officers' Civil Service Commission Rules and Regulations, §143.051(7).

or is apparent from context or plain meaning leads to absurd results). We cannot conclude that the legislature intended such a result. *See Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011) (noting courts "interpret statutes to avoid an absurd result" and holding that to interpret health care liability statute, intended to provide speedy resolution, so as to allow lengthy delay would lead to absurd result); *City of Waco v. Lopez*, 259 S.W.3d 147, 151 (Tex. 2008) (declining to adopt employee's interpretation of Texas Commission on Human Rights Act that was contrary to purpose of statute and would lead to absurd result that employer could avoid liability for retaliation by swiftly firing employee); *American Home Assurance Co. v. Unauthorized Practice of Law Comm.*, 121 S.W.3d 831, 843 (Tex. App.—Eastland 2003), *aff'd as modified*, 261 S.W.3d 24, 46 (Tex. 2008) (declining to apply literal meaning of criminal statute concerning unauthorized practice of law to insurance contracts because it would lead to absurd result of prohibiting insurance defense altogether).

In light of existing precedent and the goals of the Civil Service Act, we conclude that to follow Jenkins's reasoning and require the hearing examiner's award to be based expressly on the Local Civil Service Rules that contain virtually identical language to, and refer to the same conduct as, the Civil Service Act language cited by the hearing examiner would also elevate form over substance. *See Garza v. Garcia*, 137 S.W.3d 36, 41 (Tex. 2004) (Phillips, C. J., dissenting) (although literal reading of venue statute supported court's holding that implied ground of convenience precluded appellate review, result exalted form over substance and undermined essential purpose of legislature's venue scheme); *Griffin Indus. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996) (to require indigent litigant to obtain formal loan

rejections where evidence established she had no income or collateral to secure loan would exalt form over substance); *Mohican Oil & Gas, LLC v. Chapco, Inc.*, No.13-10-00694-CV, 2011 Tex. App. LEXIS 9435, at *28 (Tex. App.—Corpus Christi Dec. 1, 2011, pet. denied) (mem. op.) (to require strict compliance with applicable garnishment rules and "second trial" would exalt form over substance where parties had opportunity to present evidence and argument as contemplated by rules). Therefore, construing the statutory language in the context of the broader scheme of the Civil Service Act and the underlying purpose and the policies it promotes so as not to reach an absurd result, and in light of existing precedent, we cannot conclude that the hearing examiner's decision was not authorized by the Act or was contrary to it so that he exceeded his jurisdiction in upholding Jenkins's suspension based on a finding of violations of section 143.051 of the Civil Service Act. *See Marks*, 319 S.W.3d at 663; *Kelley*, 309 S.W.3d at 540, 542; *Parker*, 249 S.W.3d at 396; *Rodriguez*, 18 S.W.3d at 721.

**Timeliness of Discipline**

Also in his first issue, Jenkins argues that the district court erred in granting the City's plea to the jurisdiction because the hearing examiner exceeded his jurisdiction by upholding the indefinite suspension based on discipline that was untimely under the Civil Service Act. Jenkins initially argues that the City failed to comply with section 143.052(h), which provides that the department head may not complain of any act that occurred—or, in the case of criminal activity, was discovered—more than 180 days prior to the suspension. *See* Tex. Loc. Gov't Code § 143.052(h). However, although it is undisputed that the fire chief did not meet this 180-day deadline, the City contends—and Jenkins conceded at the hearing in the district court—that section 143.056(c), which

12

applies when the action in question is directly related to a felony indictment or misdemeanor complaint, applies in this case. Because this case involves discipline following the filing of a misdemeanor complaint, we conclude that section 143.056(c) controls here. *See id.* § 143.056(c); *Rough v. Ojeda*, 954 S.W.2d 127, 130 (Tex. App.—San Antonio 1997, no pet.).

Section 143.056(c) provides that if the action "directly related" to the criminal complaint occurred or was discovered within 180 days prior to the date of the complaint, the department may bring its charges within 30 days of the final disposition of the complaint. *See* Tex. Loc. Gov't Code § 143.056(c). Jenkins argues that the fire chief did not meet this 30-day deadline because the charges in the notice of suspension "directly related to" the DWI complaint, the DWI was dismissed, and the charges were brought more than 30 days after the dismissal or final disposition of the DWI complaint. He contends that the chief's charges did not relate to the criminal complaint for obstruction of a highway, that the conduct the chief complained of occurred more than 180 days before the obstruction of a highway complaint, and that the chief brought the civil service charges before the final disposition of the obstruction of a highway complaint because Jenkins was still on deferred adjudication and that complaint had not been finally adjudicated. Thus, Jenkins concludes, the chief's charges did not comply with section 143.056(c) with regard to either the DWI or obstruction of a highway complaint, and the hearing examiner exceeded his jurisdiction by upholding discipline based on untimely charges.

Although Jenkins's argument is not entirely clear, assuming his complaint is that the hearing examiner exceeded his jurisdiction, this argument is disingenuous at best. Jenkins's attempt to mechanistically disengage the DWI charge from the obstruction of a highway charge is not

13

supported by the facts. The charges in the notice of suspension are directly related to the same factual circumstances that give rise to both the DWI and the obstruction of roadway charges. Thus, there is "identity of facts" and an "uninterrupted, close relationship" between both criminal complaints and the charges in the notice of suspension. *See City of Amarillo v. Fenwick*, 19 S.W.3d 499, 501–02 (Tex. App.—Amarillo 2000, no pet.) (applying common meaning of "directly related" as used in section 143.056(d) of Act, which concerns right to continuance when misdemeanor charge and civil service violations are directly related, and holding that because both criminal complaint and civil service charges were based on same factual circumstance, they were directly related). Moreover, the DWI complaint was dismissed and "refiled" as an obstruction of roadway complaint. In other words, but for the DWI complaint, there would have been no plea bargain or complaint for obstruction of a roadway, and the two were, in essence, the same complaint. As such, Jenkins's argument that the conduct the chief complained of occurred more than 180 days before the obstruction of a highway complaint is unpersuasive.

Jenkins's arguments concerning final disposition of the obstruction of a roadway complaint also fail. Deferred adjudication is not a final disposition. *See Rough*, 954 S.W.2d at 131; *Walden v. Baker*, No. 03-03-00253-CV, 2005 Tex. App. LEXIS 10446, at *7–8 (Tex. App.—Austin Dec. 15, 2005, no pet.) (mem. op.) (during deferred adjudication there is no finding of guilt and no final conviction; case is "temporarily stilled," accused has opportunity to show good behavior, and if he succeeds, case "for most purposes disappears"). Nor is there anything in the plain language of section 143.056(c) that precludes the chief from bringing civil service charges prior to final disposition of the criminal complaint for obstruction of a roadway; rather, section 143.056(c) sets

14

the deadline after which a civil service charge may not be filed. *See* Tex. Loc. Gov't Code § 143.056(c) (department head "may" bring civil service charge within 30 days after final disposition of misdemeanor complaint); *Marks*, 319 S.W.3d at 663; *Rough*, 954 S.W.2d at 131 (charges timely when brought more than 30 days after fire fighter received deferred adjudication but during six-month deferred adjudication). Because we conclude that the fire chief disciplined Jenkins in a timely manner, we cannot conclude that the hearing examiner's decision was not authorized by the Act or was contrary to it so that he exceeded his jurisdiction in upholding Jenkins's suspension based on that discipline. *See* Tex. Loc. Gov't Code § 143.057(j); *Kelley*, 309 S.W.3d at 540, 542; *Fenwick*, 19 S.W.3d at 501–02; *Rough*, 954 S.W.2d at 131.

Having concluded that the hearing examiner did not exceed his jurisdiction in either of the ways asserted by Jenkins, we therefore further conclude that the district court did not err in granting the City's plea to the jurisdiction. *See* Tex. Loc. Gov't Code § 143.057(j); *Miranda*, 133 S.W.3d at 226–27. We overrule Jenkins's first issue. Because we conclude that the district court did not err in granting the City's plea to the jurisdiction, we do not reach Jenkins's second issue concerning the appropriate remedy on appeal. *See* Tex. R. App. P. 47.1 (appellate court opinion should be as brief as practicable but address every issue raised and necessary to dispose of appeal).

## CONCLUSION

We affirm the district court's order granting the City's plea to the jurisdiction.

15

_____

                              Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field
   Dissenting Opinion by Justice Field

Affirmed

Filed:   July 24, 2014